| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JAGJEEVAN K. DHAWLIWAL, et al., | CASE NO. CV F 13-0484 LJO SKO |
| Plaintiffs, | **ORDER TO AWARD ATTORNEY FEES** |
| vs. | (Doc. 26.) |
| NIRMAL SINGH, et al., | |
| Defendants. | |
| _____/ | |

**PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider, and if necessary, to reconsider consent to one of the Court's U.S. Magistrate Judges to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases. A Magistrate Judge consent form is available on this

Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by one of this Court's U.S. Magistrate Judge.

## INTRODUCTION

Defendants Nirmal Singh ("Mr. Singh") and Chandi Brothers, LLC ("Chandi Brothers") seek to recover $21,857 attorney fees as prevailing parties on breach of contract claims brought against them by plaintiffs Jagjeevan K. Dhawliwal and Mohinder S. Gill (collectively "plaintiffs"). Plaintiffs accuse Mr. Singh and Chandi Brothers (collectively "moving defendants") of overreaching by seeking attorney fees devoted to matters unrelated to defense of breach of contract claims in this action. This Court considered the moving defendants' attorney fees motion on the record and VACATES the September 30, 2013 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court AWARDS the moving defendants $5,250 attorney fees.

## BACKGROUND

### Plaintiffs' Dismissed Claims

Mr. Singh is an ARCO AM PM ("AM PM") franchisee and developer who sought investors to purchase and develop AM PM gas station/convenience stores. At relevant times, Mr. Singh was the chief financial officer ("CFO") and shareholder of Chandi Brothers, a California corporation. Plaintiffs are husband and wife and Canadian physicians who claim to have been bilked out of $1.35 million to invest in AM PM's at issue in this action.

On April 3, 2013, plaintiffs filed their original complaint to allege breach of contract, fraud, conversion, securities and related claims. This Court's June 12, 2013 order dismissed with prejudice an applicable breach of contract claim against Mr. Singh and otherwise dismissed the claim with leave to amend.

On June 29, 2013, plaintiffs filed their first amended complaint ("FAC") to allege breach of contract, fraud, and securities claims. This Court's August 16, 2013 order ("August 16 order") addressed the FAC's breach of contract claim:

> The title of the FAC's (first) breach of contract claim indicates it is "Against Defendants Singh, KS Chandi & Sons, Inc. and Chandi Brothers, LLC only." The claim appears to proceed on the promissory note in that it alleges: "In December 2012, Defendant KS Chandi Sons breached the terms of the Promissory Note and failed to make the monthly payments."
>
> The June 12 order dismissed with prejudice breach of contract claims against Mr. Singh, especially given the absence of a writing to which he was a party. Despite the breach of contract claim's title, plaintiffs claim Mr. Singh "is not a defendant in the first claim." This Court construes the claim's title to include erroneously Mr. Singh. Nonetheless, to clarify, Mr. Singh is not subject to a breach of contract claim.

The August 16 order specifically dismissed with prejudice the breach of contract claim against the moving defendants as well as most of the FAC's other claims, except the breach of contract claim against defendant Chandi & Sons, Inc. ("Chandi & Sons") and an involuntary dissolution claim against Chandi & Sons and Chandi Brothers.

**Attorney Fees Provisions**

As sources of attorney fees provisions, the moving defendants rely on a July 15, 2008 Promissory Note with Balloon Payment ("promissory note") and an undated Deed of Trust with Assignment of Rents ("DOT"). Mr. Singh as Chandi & Sons' owner executed the promissory note to pay plaintiffs $1,350,000 "payable in monthly interest installments of $8933.00 calculated at an interest of 8% per annum, concluding with one Balloon Payment of the principal amount plus any interest and/or penalties outstanding." The promissory note states it "is secured by a Deed of Trust of Even Date herewith." As to attorney fees, the promissory note states: "If any action be instituted on this note, the undersigned promise(s) to pay such sums as the Court may fix as attorney fees." The promissory note bears plaintiffs' August 10, 2008 signatures under a heading "Acceptance by Lender."

3

The DOT is apparently signed by Mr. Singh for Chandi & Sons as trustor. The DOT identifies plaintiffs as trustees and beneficiaries. The DOT obligates the trustor "to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed."

Based on the August 16 order's dismissals, the moving defendants seek attorney fees as prevailing parties under breach of contract claims and pursuant to the promissory note and DOT.

## DISCUSSION

### Controlling California Law

The moving defendants point to California law to support their request for attorney fees. "Because this case is based on diversity jurisdiction, we are obligated to apply California state law regarding attorneys' fees." *Farmers Ins. Exchange v. Law Offices of Conrado Sayas*, 250 F.3d 1234, 1237 (9th Cir. 2001). In a federal action, state law is relevant to assess "whether the contractual attorney's fee obligation was valid and enforceable." *Matter of Sheridan*, 105 F.3d 1164, 1167 (7th Cir. 1997). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *see Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981) (discretionary authority granted district courts "to award attorney's fees must be exercised within the bounds of applicable state law").

Attorneys fees are recoverable as costs only if "expressly authorized by statute or contract." *Real Property Services Corp. v. City of Pasadena*, 25 Cal.App.4th 375, 379, 30 Cal.Rptr. 536 (1994). California Code of Civil Procedure section 1033.5(a)(1) permits recovery of attorney fees "when authorized by . . . Contract." *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 ("California permits parties to allocate attorney's fees by contract.") Under California Code of Civil Procedure section 1021, the "measure and mode" of attorney fees "is left to . . . agreement," unless attorney fees "are specifically provided for by statute." California Civil Code section 1717 ("section 1717") addresses recovery of attorney fees in

4

contract actions and provides:

> (a)  In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, **whether he or she is the party specified in the contract or not**, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section . . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.  (Bold added.)

## **Section 1717 Mutuality**

The moving defendants presume that since they prevailed on the breach of contract claims, they are entitled to attorney fees. Plaintiffs argue that the moving defendants are not entitled to attorney fees in the absence of a contract to which they were parties to entitle an award of attorney fees. A question arises whether the moving parties are entitled to invoke section 1717.

"The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." *Santisas v. Goodin*, 17 Cal.4th 599, 610, 71 Cal.Rptr.2d 830 (1998). "[S]ection 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, . . . 'when the contract provides the right to one party but not to the other.'" *Santisas*, 17 Cal.4th at 610-611, 71 Cal.Rptr.2d 830 (quoting *International Industries, Inc. v. Olen,* 21 Cal.3d 218, 223,  145 Cal.Rptr. 691 (1978)). "In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, 'whether he or she is the party specified in the contract or not.'" *Santisas*, 17 Cal.4th at 610-611, 71 Cal.Rptr.2d 830 (quoting Cal. Civ. Code, § 1717(a)). Section 1717 is "interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the

5

defendant." *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 128, 599 P.2d 83 (1979).

In addition, "section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, . . . when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation 'by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract.'" *Santisas*, 17 Cal.4th at 610-611, 71 Cal.Rptr.2d 830 (quoting *North Associates v. Bell,* 184 Cal.App.3d 860, 865, 229 Cal.Rptr. 305 (1986)). "To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." *Santisas*, 17 Cal.4th at 610-611, 71 Cal.Rptr.2d 830. Nonetheless, section 1717 requires "that the party claiming a right to receive fees establish that the opposing party actually would have been entitled to receive them if he or she had been the prevailing party." *Leach v. Home Savings & Loan Assn.*, 185 Cal.App.3d 1295, 1307, 230 Cal.Rptr. 553 (1986).

The California Court of Appeal has explained:

> Where a plaintiff claims breach of a contract containing an attorney fee provision and the defendant asserts there is no contract and wins, it will have established that there is no contract and, hence, no attorney fee provision. Nevertheless, since the plaintiff would have been entitled to attorney fees if the plaintiff had succeeded in proving there was a contract, courts have recognized a right of the defendant to recover attorney fees even if defendant proves there was no contract, in order to further the purposes of Civil Code section 1717.

*M. Perez Co. v. Base Camp Condominiums Ass'n No. One*, 111 Cal.App.4th 456, 467, 3 Cal.Rptr.3d 563 (2003).

Although the moving defendants were parties to neither the promissory note nor DOT, they are entitled under section 1717 reciprocity to seek relief.

/ / /

**Prevailing Parties**

The moving defendants point to the absence of dispute that they are prevailing parties. Section 1717(b) provides that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." California Code of Civil Procedure section 1032(a)(4) defines prevailing party to include "a defendant as against those plaintiffs who do not recover any relief against that defendant." In *Hsu v. Abbara*, 9 Cal.4th 863, 875-876, 39 Cal.Rptr.2d 824 (1995), the California Supreme Court explained:

> [W]hen the results of the litigation on the contract claims are not mixed – that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other – . . . a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law.

Without doubt, the moving defendants qualify as prevailing parties. Plaintiffs' claim that the moving defendants were not subject to breach of contract claims ignores their original complaint's (first) breach of contract claim which alleges that "Plaintiffs entered into a valid contract with Defendants Singh, KS Chandi & Sons, and Chandi Brothers . . ." The issue is not limited to whether the moving defendants were subject to the FAC's breach of contract claim. In short, the moving defendants prevailed on the breach of contract claims brought against them.

**Attorney Fees' Reasonableness**

Moving defendants calculate their requested attorney fees based on 62.45 hours multiplied by defense counsel's $350 hourly rate. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh*, 217 Cal.App.3d 647, 656, 266 Cal.Rptr. 90 (1990).

"The fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095, 95 Cal.Rptr.2d 198 (2000). A "computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an

7

appropriate attorneys' fee award." *Margolin v. Regional Planning Com.*, 134 Cal.App.3d 999, 1004-1005, 185 Cal.Rptr. 145 (1982). "The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Group*, 22 Cal.4th at 1095, 95 Cal.Rptr.2d 198. "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. . . . Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary. *PLCM Group*, 22 Cal.4th at 1095, 95 Cal.Rptr.2d 198.

In applying the lodestar approach to a section 1717 attorney fees award, the California Court of Appeal has explained:

> Section 1717 provides for the payment of a "reasonable" fee. After the trial court has performed the calculations [of the lodestar], it shall consider whether the total award so calculated under all of the circumstances of the case is more than a reasonable amount and, if so, shall reduce the section 1717 award so that it is a reasonable figure.

*Sternwest Corp. v. Ash*, 183 Cal.App.3d 74, 77, 227 Cal.Rptr. 804 (1986).

The Ninth Circuit Court of Appeals has outlined factors to consider for attorney fees reasonableness:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-1342 (9th Cir. 1986).

This Court has considerable discretion to determine attorney fee reasonableness:

> It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court . . . . [Citations.] The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.] The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. [Citations.] The trial court makes its determination after consideration of a number of factors, including the

nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.

*PLCM Group*, 22 Cal.4th 1084, 1096, 95 Cal.Rptr.2d 198 (quoting *Melnyk v. Robledo*, 64 Cal.App.3d 618, 623-624 (1976)).

A trial court is able to make "its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements." *Bernardi v. County of Monterey*, 167 Cal.App.4th 1379, 1398, 84 Cal.Rptr.3d 754 (2008). Ordinarily, an attorney fee request "should be documented in great detail." *Bernardi*, 167 Cal.App.4th at 1398, 84 Cal.Rptr.3d 754.

With these standards in mind, this Court turns to the reasonableness of defense counsel's hourly fees and hours expended.

### *Hourly Rate*

The moving defendants' counsel ("defense counsel") assess their $350 hourly rate as "commensurate with business law attorneys in this area" with their respective levels of experience. In setting the hourly fee, a court is entitled to consider "fees customarily charged by that attorney and others in the community for similar work." *Ackerman v. Western Elec. Co., Inc.*, 860 F.2d 1514, 1520 (9th Cir. 1988). Defense counsel are correct. Their $350 hourly rate is reasonable for their levels of experience and the litigation at issue, and plaintiffs take no issue with the hourly rate.

### *Reasonable Hours -- Apportionment Of Fees Among Defendants*

In this action, defense counsel have jointly represented the moving defendants and codefendants Chandi & Sons and Valley Petroleum, Inc. Defense counsel have devoted 120.7 hours to defend this action and claim fees of $42,245 through the briefing of the attorney fees motion. For their proposed attorney fees award, the moving defendants propose to allocate $21,857 to defense of the breach of contract claims against the moving defendants and to pursue their attorney fees motion. The moving defendants note that "[b]y dividing the request for attorney's fees in half, moving Defendants have accounted for the fact that two defendants remain in the case."

9

Plaintiffs challenge as unreasonable the proposed apportionment of fees to defend the breach of contract claims against the moving defendants. Plaintiffs claim the moving defendants are entitled to no more than 1/12 of the total fees given that only one of the FAC's 12 claims addressed breach of contract. Plaintiffs challenge several of defense counsel's time entries as unrelated to defense of the breach of contract claims and attributable to tasks in other litigation. Plaintiffs characterize time entries as "not representative of the only hours" spent on this action. Plaintiffs argue that an attorney fees award should be limited to $1,000-$1,500.

Contrary to their claims, the moving defendants' proposed allocation does not account for an allocation of services devoted to the breach of contract claims or claims intertwined with breach of contract. The proposed allocation merely accounts for the four defendants represented by defense counsel.

In *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1980), the California Court of Appeal explained:

> "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83].) However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Id.* at pp. 129-130.) For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37 [161 Cal.Rptr. 516].) Here, the court could reasonably find that appellants' various claims were "'inextricably intertwined'" (*Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1308 [286 Cal.Rptr. 616]), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units" (*Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 227 [168 Cal.Rptr. 525]).

Moreover, "an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.'" *Siligo v. Castellucci*, 21 Cal.App.4th 873, 878, 26 Cal.Rptr.2d 439 (1994) (quoting *Finalco, Inc. v. Roosevelt*, 235 Cal.App.3d 1301, 1308, 3 Cal.Rptr.2d 865 (1991)).

The moving defendants propose an improper allocation of attorney fees and in turn an unreasonable number of hours to support an attorney fees award. Their argument that they are

10

entitled to fees incurred to defend all claim is unavailing and unsubstantiated. Although plaintiffs pursued more than a dozen claims between their original complaint and FAC, the moving defendants offer little meaningful support that the breach of contract claims were inextricably intertwined with the other claims. The emphasis of the original complaint and FAC was fraud which culminated in several documents, including the promissory note. The moving defendants fail to substantiate that the "vast majority of facts" pertain to alleged contract issues.

A key problem for plaintiffs was failure to allege an identifiable agreement to support breach of contract claims. The breach of contract claims were not of such substance to warrant devotion of the half of defense counsel's efforts to defend this action as to the moving defendants. Since the moving defendants misallocate 62.45 hours to defeat the breach of contract claims, the number of hours for which moving defendant seek recovery is unreasonable.

This Court's familiarity with the issues at hand reveals that devotion of no more 15 hours was sufficient to defeat the breach of contract and other claims, to the extent interrelated with breach of contract, against the moving defendants. As such, a $5,250 award (15 hours multiplied by $350 hourly rate) is a sufficient attorney fees award.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS the moving defendants a $5,250 attorney fees award against plaintiffs.

IT IS SO ORDERED.

Dated:   **September 27, 2013**            **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE

11