**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NIRMAL SINGH, et al.,<br><br>　　　　　　Defendants. | CASE NO. CV F 13-0484 LJO SKO<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION**<br><br>**(Doc. 41)** |

## INTRODUCTION

On December 27, 2013, Defendants KS Chandi & Sons, Inc. and Chandi Brothers, LLC moved for summary adjudication (i.e. summary judgment) on the tenth claim in the First Amended Complaint for "Involuntary Dissolution." Doc. 41. Plaintiffs Jagjeevan Dhaliwal and Mohinder Gill filed an opposition on February 17, 2014. Docs. 47, 48. Defendants replied on February 24, 2014. Doc. 49. On February 26, 2014, Plaintiffs filed an objection to the inclusion of new evidence in Defendants' reply. Doc. 50.

For the reasons that follow, Defendants' motion is DENIED.

## LEGAL STANDARD

**Involuntary dissolution**

Plaintiffs' tenth claim is for involuntary dissolution. Since Plaintiffs allege this claim on the theory that they are shareholders, they must prove (1) that they are shareholders of the corporations holding at least one-third of the outstanding shares, and (2) that those in control of the corporation

1

have been guilty of or have knowingly countenanced persistent and pervasive fraud, mismanagement, or other abuse of authority or persistent unfairness towards any shareholders. Cal. Corp. Code § 1800(a)(2) & (b)(4). Defendants focus on the shareholder element.

**Summary Judgment**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party may support the motion by citing to particular parts of materials in the record, including admissions. Fed. R. Civ. P. 56(c)(1).

**Admissions in Pleadings**

Here, Defendants rely solely on admissions in the pleadings. "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988). Such admissions have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id*. "A judicial admission trumps evidence. ... This is the basis of the principle that a plaintiff can plead himself out of court." *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996). At summary judgment, a judicial admission in a pleading may be analogized to a judicial admission pursuant to FRCP 36: "If facts that are admitted under Rule 36 are 'dispositive' of the case, then it is proper for the district court to grant summary judgment." *Quasius v. Schwan Food Co.,* 596 F.3d 947, 950-51 (8th Cir. 2010).

To qualify as a judicial admission, the admission must be "deliberate, clear, and unequivocal." *Scarff v. Intuit, Inc.,* 318 F. App'x 483, 487 (9th Cir. 2008). "Where there is a dispute as to the meaning of an admission, we will not contort the plain wording of the admission to favor either party's interpretation." *Airco Indus. Gases v. Teamsters*, 850 F.2d 1028, 1036 (3d Cir. 1988).

In their motion, Defendants rely upon Plaintiffs' superseded Complaint as an additional source of judicial admissions. However, once a pleading has been superseded, its contents are no longer judicial admissions; instead, they become evidentiary admissions. *Sicor Ltd. v. Cetus Corp.,* 51 F.3d 848, 859 (9th Cir.1995); *Raulie v. U.S.,* 400 F.2d 487, 526 (10th Cir.1968). An evidentiary admission is not conclusive, but rather is subject to contradiction or explanation. *Cooper v. Brown,* 126 F.2d 874 (3d Cir.1942).

## DISCUSSION

Defendants do not make a traditional motion for summary judgment. They seek to confine their motion, and Plaintiffs' response to the motion, exclusively to admissions in the pleadings.

To the extent Defendants characterize statements in the FAC as judicial admissions, the Court will analyze them as such. However, to the extent that Defendants identify what are merely evidentiary admissions in the original Complaint, the Court will not analyze these. Such an analysis would require a traditional motion for summary judgment—one in which Defendants meet their initial burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Here, however, by insisting that both parties rely solely upon judicial admissions in the pleadings—and by insisting that "Plaintiffs cannot present contrary evidence" of their own—Defendants have essentially disclaimed that burden in favor of relying strictly on purported admisssions.

**Judicial Admissions in Plaintiffs' FAC**

Defendants identify the following language from the FAC as establishing that Plaintiffs are not shareholders of either of the two companies:

> FAC p. 5:   "On or before September 2006, Defendant Singh borrowed $1.35 Million from Plaintiffs, promising to invest in two companies (Chandi Brothers LLC and KS Chandi & Sons) ... Singh promised that they would be 50% owners of said companies."
>
> FAC p.6:   "By July 2007, when Defendant Singh stated that he had been unable to sell the Hatch ARCO AM PM as promised to the Plaintiffs, Plaintiffs needed to obtain more security for their $1.35 Million, which constituted their life's savings. So, on or about July 20, 2007, Defendant Nirmal Singh, as CFO of KS Chandi & Sons, Inc. and Chandi Brothers, LLC drafted and executed a Certificate of Investment promising to give Plaintiffs a return of 8.0% interest per annum paid on the first of each month and a fixed profit of $200,000 instead of the original $500,000 that he had promised." [COI attached as Exhibit G]"

FAC p. 7: "Defendant Singh ... on or about July 15, 2008 drafted and executed a Promissory Note with Balloon Payment, which rendered the previous Certificate of Investment invalid, where KS Chandi & Sons Inc. agreed to pay 8% per annum ($8,933), concluding with one Balloon Payment of the principal amount plus any interest and/or penalties. ... When Plaintiffs asked Defendant Singh about distribution on the shares, he said that the station was just breaking and as such there was no income and he could not pay out any distribution on the shares." [Promissory Note attached as Exhibit H]

(See also FAC p. 11, ¶28: The promissory note "superseded the previous Certificate of Investment ... Defendant Singh on behalf of KS Chandi agreed to repay the Plaintiffs the sum of $8,933 per month which represented monthly interest only at eight (8%) per cent per annum, with a balloon payment of the $1,350,000.")

FAC pp. 21-22, ¶73: "On or about November 22, 2006 Defendant Singh [falsely] represented to Plaintiffs that for Plaintiffs' $1,350,000 investment:
   (a) Plaintiffs would receive 50% or 500 shares of KS Chandi & Sons.
   (b) Plaintiffs would receive 50% or 500 shares of Chandi Brothers LLC.
The fact is Plaintiffs to date have not received their complete 50% shares of KS Chandi and Chandi Brothers. They have only received $145,414 from the shares of KS Chandi & Sons and Chandi Brothers."

Plaintiffs dispute Defendants' interpretation of this language, particularly when viewed in the context of the FAC, which notes (among other things) that "Plaintiffs are 50% shareholders of KS Chandi & Sons and Chandi Brothers." FAC at ¶137.

**Analysis**

Defendants do not dispute that there is evidence that Plaintiffs acquired ownership of the companies in September 2006. However, they claim that, by Plaintiffs' judicial admission, such ownership ended in August 2008, when (in the words of the FAC) the Promissory Note "rendered the previous Certificate of Investment invalid" or "superseded" that document. Plaintiffs have responded with declarations and exhibits, and Defendants have supplied additional evidence in their reply, but these are extraneous to the question posed by Defendants' motion, which is premised solely on the existence of judicial admissions in the pleading.

Plaintiffs' pleadings are difficult to read and invite contradictory interpretations. However, "constru[ing] all facts and inferences in the light most favorable to the non-moving party," the Court finds that the FAC does not admit that Plaintiffs are not shareholders.[1]

---

[1] Defendants express concern of "inconsistency in this Court's prior rulings," Reply at 5. Specifically, the Court's prior ruling on the Motion to Dismiss the FAC contemplated the FAC to allege that Plaintiffs did not have ownership interests in the companies as of August 2008. However, this Court applied pleading standards and levels of scrutiny not at issue with Defendants' summary adjudication motion on which Defendants fail to meet their burden. Moreover, each of the relevant claims subject to Defendants' motion to dismiss remain dismissed for reasons cited by this Court its prior orders.

Plaintiffs allege that in 2006, they invested $1.35 million for a 50% ownership interest in September 2006. FAC at pp.5-6; FAC at ¶21. Ten months later, in July 2007, Mr. Singh issued Plaintiffs a "Certificate of Investment." This document, opaque as it is, does not purport to characterize or even acknowledge Plaintiffs' ownership interest in the company. Rather, in this document, Mr. Singh stated as CFO for the companies that the companies would "pay an interest of 8.0 percent per annum paid on the 1st of each month" as well as "a fixed profit of $200,000." Exhibit G. Even though Plaintiffs admit that this document was later "invalidated" by a promissory note, "invalidation" of this document need not have invalidated Plaintiffs' ownership interests in the companies, because there is no reason to believe that their ownership interests depended upon that document. The promissory note itself, which Plaintiffs have attached, addresses terms of payment but does not purport to address or annul any ownership interests. Exhibit H.

Defendants also assert that the FAC undermines Plaintiffs' ownership claim because it characterizes, as "fraudulent," certain statements by Mr. Singh regarding Plaintiffs' ownership of the companies. Specifically, the FAC alleges that Mr. Singh fraudulently claimed that they "would receive 50% or 500 shares" of the companies. However, such alleged misrepresentation may relate to the fact that the FAC also alleges that Mr. Singh fraudulently claimed that the company consisted of 1,000 shares when it in fact consisted of 2,000 shares (¶22) and that he attempted to sell some of these shares to other investors (¶63).

In short, the FAC does not admit to the invalidity of Plaintiffs' tenth claim.

## CONCLUSION

Defendants' motion for summary adjudication on Claim Ten is DENIED.

IT IS SO ORDERED.

Dated:   **March 5, 2014**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

5