# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, an individual and MOHINDER S. GILL, an individual, <br><br>　　　　　　　Plaintiffs, <br><br>　　v. <br><br>NIRMAL SINGH, et al., <br><br>　　　　　　　Defendants. <br>_____/ | Case No. 1:13-cv-00484-LJO-SKO <br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE** <br><br>(Doc. No. 67) |

　　　On June 11, 2014, Defendants Chandi Brothers LLC and KS Chandi & Sons, Inc. ("Defendants") objected to the declarations of Jagjeevan Dhaliwal and Pauline Doan filed by Plaintiffs and offered in support of Plaintiffs' motion for summary judgment. (Doc. 67.) The challenged declarations are signed "/s/ Jagjeevan K. Dhaliwal" and "/s/ Pauline Doan." Defendants assert these declarations should be stricken because they are technically "unsigned" and therefore filed in violation of Local Rule 131(b). Defendants filed their objections as a motion, which as referred to the undersigned. (Doc. 72.)

　　　On June 19, 2014, Plaintiffs' counsel, Mr. Durst, filed a declaration stating he received originally signed declarations from Jagjeevan K. Dhaliwal and Pauline Doan on May 13, 2014, and indicated to the Court upon filing them that they had been executed by Ms. Dhaliwal and Ms.

Doan.  (Doc. 69.)  Attached to Mr. Durst's declaration are copies of the originally signed declarations of Ms. Dhaliwal and Ms. Doan.  (Doc. 69-1; Doc. 69-2.)

Rule 131(f) provides the following with regard to non-attorney electronic signatures:

> Documents that are required to be signed by a person who is not the attorney of record in a particular action (verified pleadings, affidavits, papers authorized to be filed electronically by persons in pro per, etc.), may be submitted in electronic format bearing a "/s/" and the person's name on the signature line along with a statement that counsel has a signed original, e.g., "/s/" John Doe (original signature retained by attorney Mary Roe)."  It is counsel's duty to maintain this original signature for one year after the exhaustion of all appeals.  This procedure may also be followed when a hybrid electronic/paper document is filed, i.e., the conventionally served document may also contain an annotated signature in lieu of the original.

Local Rule 131(f).

Here, the challenged declarations were filed on May 13, 2014, and bore electronic signatures denoted by the "/s/" procedure indicated in Local Rule 131(f).  Although it was not noted on the declaration that the original signature was retained by Mr. Durst, he has since filed copies of the original signature of each declarant.  (Doc. 69.)  There is no prejudice to Defendants by Plaintiffs' use of electronic signatures, and Defendants' motion is entirely without merit.

Accordingly, Defendants' motion to strike is DENIED.

IT IS SO ORDERED.

Dated:   **June 28, 2014**                     **/s/ Sheila K. Oberto**
                                               UNITED STATES MAGISTRATE JUDGE