# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, an individual and MOHINDER S. GILL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NIRMAL SINGH, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:13-cv-00484-LJO-SKO<br><br>**ORDER ON PLAINTIFFS' MOTION FOR EXCLUSIONARY SANCTIONS PURSUANT TO RULE 37**<br><br>**ORDER THAT DEFENDANTS SUPPLEMENT INITIAL DISCLOSURES AND PROVIDE DOCUMENTS BY JULY 15, 2014**<br><br>(Doc. No. 60) |

## I. INTRODUCTION

Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gill ("Plaintiffs") filed this action on April 3, 2013, alleging claims against Defendants Nirmal Singh, Nachhattar S. Chandi, Susana E. Chandi, KS Chandi & Sons, Inc., Chandi Brothers, LLC, and Valley Petroleum, Inc.

On August 16, 2013, the Court dismissed all claims against each of the Defendants with the exception of a breach of contract claim against Defendant KS Chandi & Sons, Inc. ("Chandi & Sons") and an involuntary dissolution claim against Chandi & Sons and Chandi Brothers, LLC ("Chandi Brothers") (collectively, "Defendants").

On May 13, 2014, Plaintiffs filed a Motion for Sanctions to Exclude Evidence and Witnesses ("Motion to Exclude") asserting that Defendants had failed to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) and seeking the exclusion of any

evidence Defendants may offer for any purpose.  (Rule 60.)  On the same day, Plaintiffs also filed a motion for summary judgment.  (Doc. 54.)

Defendants filed a brief in opposition to Plaintiffs' Motion to Exclude on June 19, 2014, asserting they timely served their Rule 26(a)(1) initial disclosures on October 15, 2013.

On June 20, 2014, the district court referred Plaintiffs' Motion to Exclude to the undersigned, and the hearing on the motion was reset to July 9, 2014.  On June 23, 2014, a minute order was issued indicating that any reply brief in support of Plaintiffs' Motion to Exclude was to be filed by no later than June 26, 2014.  (Doc. 73.)  No reply brief was filed.

On June 30, 2014, having reviewed the parties' briefs and supporting documentation, the Court determined the matter was suitable for decision without oral argument, the July 9, 2014, hearing was vacated, and the matter was taken under submission.

For the reasons set forth below, Plaintiffs' Motion to Exclude is DENIED.  Plaintiffs' alternative request that Defendants be ordered to produce documents and witnesses is GRANTED IN PART.  Defendants are ordered to supplement their initial disclosure statement to provide a more specific categorical breakdown of documents they intend to use to support their claims and defenses and these documents shall be **produced to Plaintiffs by no later than July 15, 2014.** Whether a further exclusionary sanction is warranted with respect to the documentary evidence offered by Defendants in support of their opposition to the motion for summary judgment is left for the district court's determination.

## II.   BACKGROUND

**A.   Factual Background[1]**

**1.   Summary**

Mr. Singh is an ARCO AM PM ("AM PM") franchisee and developer who sought investors to purchase and develop AM PM gas station/convenience stores along with his brother and sister-in-law, Mr. and Ms. Chandi ("the Chandis").  The Chandis reside in Riverside County and, with Mr. Singh, own more than 10 California AM PMs.  Chandi & Sons and Chandi Brothers

---

[1] The factual background is taken from the District Court's summary of Plaintiffs' factual allegations as set forth in the Court's order of August 16, 2013.  (Doc. 25.)

2

are California corporations principally located in Turlock, California. At relevant times, Mr. Singh was the chief financial officer ("CFO") and shareholder of Chandi Brothers, a California corporation. Plaintiffs are husband and wife and Canadian physicians who claim to have been bilked out of a $1.35 million investment in the AM PMs at issue in this action.

### 2. Litigation Conduct Between the Parties

On October 3, 2013, the parties appeared for a Scheduling Conference, and a Scheduling Order was issued on October 9, 2013, requiring the parties to exchange initial disclosures on or before October 15, 2013. (Doc. 38.)

Plaintiffs maintain that no initial disclosures were made by Defendants on October 15, 2013; the Plaintiffs made their disclosures. (Doc. 60-2, Durst Decl., ¶ 5.)

In January 2014, Mr. Bradford states he received a Notice of Taking Deposition and Request for Production of Documents for Nirmal Singh, which set Mr. Singh's deposition for February 6, 2014; the deposition date was continued by Plaintiffs to February 10, 2014. (Doc. 71-1, Bradford Decl., ¶ 12.) Mr. Bradford and Mr. Singh were unavailable on February 10, 2014, and advised counsel for Plaintiffs, Lee Durst, Esq., of their unavailability and served objections to the deposition notice of Mr. Singh. (Doc. 71-1, Bradford Decl., ¶ 15.)

On January 9, 2014, Mr. Durst sent a letter to Defendants' accountant Travis Salisbury ("Salisbury") demanding copies of Defendants' tax returns; a copy of the letter was not sent to Mr. Bradford, nor was Mr. Bradford notified of the request. (Doc. 71-1, Bradford Decl, ¶ 19.) Mr. Bradford informed Mr. Durst that Mr. Salisbury had no legal obligation to comply with the letter.

On April 2, 2014, Plaintiffs served Salisbury with a Subpoena to Produce Documents on April 22, 2014, to which Mr. Bradford served objections.[2] (Doc. 71-1, Bradford Decl., ¶ 22.) On that same day, Plaintiffs also served Gaby Polous ("Polous"), as custodian of records for Polous & Polous, Inc. with a Subpoena to Produce Documents, to which Mr. Bradford served objections. (Doc. 71-1, Bradford Decl., ¶ 23.) According to Mr. Bradford, no other communication regarding these subpoenas was received from Mr. Durst until an email dated April 16, 2014.

---

[2] Plaintiffs contend Defendants' objections to the subpoena are not proper. (*See* Doc. 65.)

3

1    Also in April 2014, Plaintiffs began preparing to file a motion for summary judgment; in early April, Mr. Durst contacted Mr. Bradford via email indicating he had never received Defendants' initial disclosures. (Doc. 60-2, Durst Decl., ¶ 6; Exhibit A.) In this email, Mr. Durst also requested dates for Mr. Singh's deposition, as well as those for accountants Salisbury and Polous. (Doc. 60-2, Durst Decl., ¶ 7.) Mr. Durst maintains that by the time of his April 2014 email to Mr. Bradford, Defendants had already "taken four depositions of our witnesses, Kevin Doan, Pauline Doan, Harpreet Dhaliwal, and Amanda Bui, and [Mr. Durst] relating to the subject matter of this case." (Doc. 60-2, Durst Decl., ¶ 7.)

   On April 27, 2014, Mr. Durst sent another letter to Mr. Bradford indicating that he would be filing a motion for partial summary judgment on behalf of Plaintiffs and would seek exclusion of evidence as a violation for failure to make initial disclosures. Mr. Durst requested a response and a copy of the disclosures by April 30, 2014. (Doc. 60-2, Durst Decl., ¶ 9; Exhibit C.)

   On May 2, 2014, Mr. Durst received a letter from Mr. Bradford dated April 28, 2014, denying Defendants had failed to make initial disclosures, and refusing to provide a copy of the disclosures. (Doc. 60-2, Durst Decl., ¶ 10.) On that same day, Mr. Durst sent another letter to Mr. Bradford demanding that Defendants provide a copy of their initial disclosures by 5:00 p.m. that day. (Doc. 60-2, Durst Decl., ¶ 11.) In response to Mr. Durst's letter, Mr. Bradford provided 5 pages of documents "that are *replete with errors that have been made for the first time* by Defendants' counsel . . . ." (Doc. 60-2, Durst Decl., ¶ 12.) This was the first time Mr. Durst had received Defendants' two-page initial disclosure statement, and no documents were provided. (Doc. 60-2, Durst Decl., ¶ 12.)

**B.    Relevant Procedural Background**

   On October 9, 2013, following a scheduling conference, a Scheduling Order was issued. The Scheduling Order set October 15, 2013, as the deadline for the parties to make their initial disclosures. (Doc. 38.)

   On May 13, 2014, Plaintiffs filed a motion for summary judgment. (Doc. 54.) On that same date, Plaintiffs also filed a Motion to Exclude. (Doc. 60.) On June 5, 2014, Plaintiffs filed a motion to compel accountant Travis Salisbury to comply with a subpoena duces tecum issued

4

pursuant to Rule 45.  (Doc. 63.)  Also on June 5, 2014, Plaintiffs filed a motion to compel Polous & Polous, Inc. to comply with a subpoena duces tecum.  (Doc. 65.)

On June 19, 2014, Defendants filed an opposition to Plaintiffs' motion for summary judgment (Doc. 70), as well as an opposition to Plaintiffs' Motion to Exclude (Doc. 71.)  On June 20, 2014, Plaintiffs' Motion to Exclude was referred to the undersigned, and the hearing on the motion was reset to July 9, 2014.  (Doc. 72.)

### III.   DISCUSSION

**A.    Legal Standard – Rule 26**

Rule 26(a)(1) requires the parties disclose the identity of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support is claims or defenses . . . "  Rule 26(a) also requires the parties to disclose "a copy—or a description by category and location—of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ."  This disclosure must occur at least 21 days before the scheduling conference is held or as ordered by the court.

The parties have a continuing duty to supplement these initial disclosures under Rule 26(e) if they learn in some material respect the disclosure is incomplete or incorrect, "and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).  As such, the proffering party may be absolved of its duty to serve a supplemental disclosure under Rule 26(e) to identify a certain person if the other parties have learned through other means that the person might have discoverable information regarding the proffering party's claims or defenses.

The failure to comply with Rule 26(a) disclosure requirements may result in the imposition of sanctions pursuant to Rule 37.  In relevant part, Rule 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on

motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

**B.   Defendants' Rule 26(a)(1) Initial Disclosure Statement Was Timely Served**

   **1.   The Parties' Contentions**

Plaintiffs assert Defendants failed to timely serve their initial disclosure, and assert Defendants should be precluded from introducing any evidence or witnesses in support of their claims and defenses.

The gravamen of Plaintiffs' argument is that Mr. Bradford did not mail the initial disclosures to Mr. Durst on October 15, 2013, as he represents. Rather, Plaintiffs contend the proof of service of the initial disclosure statement, dated October 15, 2013, is fabricated in an effort to cover-up Defendants' untimeliness. As evidence, Plaintiffs note they did not receive Defendants' initial disclosure statement until May 2014, and when the statement was finally produced, it was only two pages and could have been provided by email or fax at the time of the initial request in early April. Plaintiffs argue Defendants have been sending documents to Plaintiffs via email over the course of the litigation, but for "some reason" the initial disclosure statement was mailed. Plaintiffs claim the only reason Defendants resorted to mailing this initial disclosure statement was to "be able to delay the production of documents and discovery because their documents and discovery would be very damaging to their case." (Doc. 60-1, 9:17-19.)

Plaintiffs contend they have "not received a single document from Defendants," and in other state court litigation and bankruptcy proceedings involving many of these parties, Defendants have not produced any documents. (Doc. 60-1, 9:20-25.) In his declaration supporting Plaintiffs' motion, Mr. Durst argues the October 15, 2013, letter is "replete with errors," which establish that "Defendants' counsel had hastily prepared these documents on May 2, 2014, but dated them October 15, 2013, and in the haste made a large number of errors, to present to Plaintiffs that they have complied with Rule 26 and this Court's Scheduling Order." (Doc. 60-2, Durst Decl., ¶ 13.) Specifically, the cover letter to the initial disclosure statement from Mr. Bradford dated October 15, 2013, contains a case number that corresponds to the *Doan* litigation pending in state court; additionally, the cover letter indicates that Defendants' counsel represents

6

"Cross-Complainants, KS Chandi & Sons, Inc. and Chandi Brothers, LLC," but there are no cross-complaints in this action. Finally, the proof of service accompanying the initial disclosures indicates Defendants' counsel represents "Defendants Kulvir Singh Mehroke, Bhajan Singh and Kamboj LLC," who are Plaintiffs in the *Mehroke* litigation.[3]

In response, Defendants filed Mr. Bradford's declaration and a copy of the initial disclosure statement mailed to Plaintiffs' counsel. The proof of service is dated October 15, 2013, and Mr. Bradford's declaration states it was prepared in October 2013 and served on October 15, 2013. (Doc. 71-1, Bradford Decl., ¶ 3; Doc. 71-1, Exhibit A.)

**2. Analysis**

The Court initially notes that the mistakes contained in Defendants' initial disclosure statement dated October 15, 2013, are not evidence of discovery misconduct. There were at least two other litigations involving some of the same parties who are represented by the same counsel as in this case. The fact that Defendants' initial disclosure statement and the proof of service contain careless mistakes referencing these other cases does not establish that Defendants manufactured their initial disclosure statement months after it was due. The same is true with regard to Plaintiffs' argument concerning the mailing, rather than emailing or faxing of the initial disclosure statement.

Plaintiffs appear to argue that Defendants' continued objection to the production of documents identified in the initial disclosure statement establishes Defendants did not make initial disclosures in October 2013. In response, Defendants maintain that Plaintiffs have never served a

---

[3] There have been at least two other civil actions that involve similar parties who are represented by the same counsel as the parties to this litigation. First, in Case No. 2:13-cv-00663-MCE-DAD, Plaintiffs Kulvir Singh Meroke, Bhajan Singh, and Kamboj LLC sued Nirmal Singh, Nacchattar S. Chandi, Susana E. Chandi, and KS Chandi & Sons, Inc. alleging they were bilked out of $2.354 million by the defendants related to investments in AM PM franchises in California. The plaintiffs in that action are represented by Lee Durst, Esq.; the defendants are represented by Matthew Bradford, Esq. That action was voluntarily dismissed on April 29, 2013, and the matter has been closed. ("*Meroke* litigation").

There is also a state court litigation involving many of the same parties pending in the Stanislaus County Superior Court. In that case, entitled *Doan v. Singh*, Case No. 684071, Lee Durst, Esq., represents Plaintiffs Harpreet Dhaliwal, Pauline Doan, and Devin Doan. Matthew Bradford, Esq., represents Defendants Nirmal Singh, Watsonville Petroleum, Inc., Chandi Brothers, LLC, Modesto Petroleum, Inc., Randjeet Singh, Gurdev Singh Teer, Chadha Construction, Inc, KS Chandi & Sons, Paul Raj Chadha, Aasra Petroleum, Inc., and JPH LLC. ("*Doan* litigation"). According to the public docket, that case is set for jury trial on October 21, 2014.

document request other than the April 2014 subpoenas served on Salisbury and Polous. Additionally, although Plaintiffs served a document request with the Notice of Taking Deposition of Nirmal Singh, Defendants counsel objected to that notice and no other notice has been served.

Rule 26(a)(1)(A)(ii) does not require the actual *production* of documents. Rather, it requires only that the disclosing party provide "a copy—*or a description by category and location*—of all documents . . . . " Fed. R. Civ. P. 26(a)(1)(A)(ii)(emphasis added). That Defendants have not provided actual documents to Plaintiffs is not evidence Defendants' initial disclosure statement was not timely provided in October 2013 in the face of Mr. Bradford's declaration and the proof of service of the initial disclosure statement.[4]

In sum, there is no evidence that Defendants failed to timely serve their initial disclosure statement on October 15, 2013.

**B.     Sufficiency of Defendants' Rule 26(a)(1) Initial Disclosures**

Plaintiffs argue that, even assuming Defendants' initial disclosure statement was timely, it is insufficient. Plaintiffs claim the description of documents contained in the initial disclosure statement is impermissibly vague such that Plaintiffs could not make an informed decision about how to frame document requests. Plaintiffs also argue the identification of witnesses in the initial disclosure statement is inadequate because it does not include the subject of the information known by the witness, but instead contains only the names of the witnesses.

**1.     Disclosure of the Subject of Information Disclosed Witnesses Were Likely to Possess**

Defendants' initial disclosure statement provides the names of only six individuals, but the subject of information that each individual is likely to possess is not provided. (Doc. 71-1, Bradford Decl., Exhibit A.) For purposes of the summary judgment motion pending before the district court, no testimony or evidence from the first four witnesses identified in the initial

---

[4] The Court notes Plaintiffs provide no evidence establishing they sought a statement of initial disclosures from Defendants at any time *before* April 2014; rather, the record reflects they waited until nearly 6 months after the disclosures were due before asking Defendants whether disclosures had actually been made. This has no bearing on the timeliness of Defendants' disclosure, but it does evidence a lack of diligence by Plaintiffs with respect to exploring the basis of Defendants' defenses. The parties were aware of the deadline to submit initial disclosures as it was set forth in the scheduling order. (Doc. 38.)

disclosures are offered by Defendants. Thus, for purposes of the motion for summary judgment, the failure to identify the subject of the information likely held by these four witnesses is harmless. Moreover, because two of these witnesses (Jagjeevan K. Dhaliwal and Mohinder S. Gill) are Plaintiffs themselves, Plaintiffs were fully aware of what information they possessed pertinent to the litigation. The third and fourth witnesses (Harpreet Dhaliwal and Amanda Bui) are plaintiffs in the *Doan* litigation, and are represented by Mr. Durst. Although the disclosure statement was deficient in failing to identify the subject of the information these individuals were likely to have, the Court can discern no prejudice or harm to Plaintiffs in this regard. As such, no sanction is warranted. Fed. R. Civ. P. 37(c)(1).

### 2. Insufficiency of Initial Disclosure as to Raj Grewal is Not Harmful

As it pertains to Defendants' identification of Raj Grewal, the initial disclosure statement indicates that no telephone number or address was known at the time of the disclosure statement. Further, the subject of information Mr. Grewal is likely to possess was not provided by Defendants. It is not clear whether Mr. Grewal's address and telephone number was discovered by Defendants at any time during the litigation triggering a duty to supplement the disclosure statement. Fed. R. Civ. P. 26(e). As to the subject of information Mr. Grewal is likely to provide or possess, the Court finds Defendants' initial disclosure is insufficient with regard to this witness.

For purposes of the pending summary judgment motion, however, Defendants do not seek to present any evidence or testimony from Raj Grewal. Thus, there is no present harm to Plaintiffs in failing to sufficiently state the subject of information this witness is likely to possess. Moreover, other than noticing a deposition of Mr. Singh and serving subpoenas on Salisbury and Polous, Plaintiffs have not conducted any discovery to obtain information about Mr. Grewal. To the extent Defendants attempt to offer testimony or evidence from Mr. Grewal at a later time in the proceedings, Plaintiffs may renew their evidentiary objection based on Rule 26(a).

### 3. Initial Disclosure as to Nirmal Singh

Plaintiffs seek to exclude the declaration of Nirmal Singh filed by Defendants in support of their opposition to Plaintiffs' motion for summary judgment. (*See* Doc. 70-1, Singh Declaration.) Nirmal Singh was identified in Defendants' initial disclosure statement, but his telephone number

x

and address were not listed; it was noted Mr. Singh could be contacted through Defendants' counsel.  This is appropriate as Mr. Singh is a defendant in other litigation involving a number of the same parties and similar issues, and Mr. Durst and Mr. Bradford are counsel for the parties in that case.  As a result, Mr. Durst is prohibited from directly contacting Mr. Singh.  Cal. Rules of Prof. Conduct Rule 2-100.  Nevertheless, Defendants did not provide the subject matter of information Mr. Singh was likely to possess.  This is a technical violation of the disclosure requirements under Rule 26(a)(1)(A)(i).

Although a technical violation of Rule 26(a)(1), it is difficult to draw the conclusion this deficiency was harmful to Plaintiffs under Rule 37(c)(1).  As Mr. Singh was initially named as a Defendant in this action, and the complaint contains numerous detailed allegations regarding his conduct, Plaintiffs are familiar with Mr. Singh and the *subject matter* of the information he was likely to provide or possess.

Additionally, even to the extent this deficiency was somehow harmful to Plaintiffs, the factual circumstances of this case do not warrant a particularly harsh sanction, such as exclusion of evidence.  Plaintiffs were aware of the initial disclosure deadline of October 15, 2013, yet apparently waited until *after discovery was closed* to raise the issue of an incomplete and insufficient initial disclosure statement.  Moreover, Plaintiffs have had an opportunity to schedule the deposition of Mr. Singh.  While Plaintiffs complain this deposition has not occurred because Defendants have failed to cooperate, no motion has been filed seeking to compel his deposition.  The record evidences a lack of diligence in this regard.  Any prejudice or harm accruing from the inadequate disclosures was compounded, in no small part, by Plaintiffs' lack of attention to the progress of the litigation.  *See Sheridan v. FIA Card Servs.*, No. C13-01179 HRL, 2014 WL 587739, at 2 (N.D. Cal. Feb. 14, 2014) ("Regardless of whether FIA's initial disclosures were sufficiently specific, the Court will **not** exclude such relevant evidence where [the plaintiff] made no attempt whatsoever to obtain the material or any other discovery from [the defendant], particularly in view of the fact that the declarations provide only basic account information that would have been produced in response to even the most perfunctory of discovery requests.").

In sum, the insufficiency of Defendants' Rule 26(a) disclosure statement is technical and, under the circumstances of this case, the Court can discern no harm to Plaintiffs. *See* Fed. R. Civ. P. 37(c)(1) (no sanction where failure is harmless).[5] Nevertheless, because Mr. Singh's declaration is offered to the district court as evidence in opposition to a pending motion for summary judgment, and because the equities do not strongly favor Plaintiff, the remedy for this technical failure is left to the discretion of the district court.

### 4. Defendants Initial Disclosures of Documents

As set forth above, Rule 26(a)(1)(A)(ii) requires that "a copy—*or a description—*of all documents" that the disclosing party has in its possession, custody, or control and may use to support its claims and defenses shall be provided to the other parties. Fed. R. Civ. P. 26(a)(1)(A)(ii). Plaintiffs argue the categories of documents identified by Defendants are broad and do not provide Plaintiffs with sufficient information to propound and serve discovery requests.

Defendants identified four categories of documents they may use to support their claims or defenses:

1. Loan documents (including amendments, revisions, etc.) which are in possession of Defendants, Defendants' counsel and Plaintiffs.

2. Correspondence between Plaintiffs and Nirmal Singh and/or Defendants that pertain to payments, the loan, investment, operations of the Defendants and other matters. These documents are in the possession of Defendants, Defendants' counsel and Plaintiffs.

3. Accounting records regarding the Defendants. These documents are in the possession of Defendants.

4. Financial records and reports of Defendants. These documents are in the possession of Defendants.

(Doc. 71-1, Bradford Decl., Exhibit A.) Plaintiffs argue this was so insufficiently vague they could not formulate discovery requests, make "an informed decision concerning which documents Plaintiffs needed to examine[,] . . . or frame their document requests in a manner likely to avoid squabbles resulting from the wording of the request." (Doc. 60-1, 11:1-22.) Plaintiffs complain

---

[5] Plaintiffs correctly note that it is Defendants' burden to establish the insufficiency of their disclosure was harmless; Defendants did not address this issue, but the undersigned cannot discern any harm given the facts of this case.

11

Defendants have objected to Subpoenas for Production of Documents with respect to Defendants' accounting records ostensibly in the possession of Salisbury and Polous, and have blocked Plaintiffs' attempts to obtain these documents.

The categories of documents identified in Defendants' initial disclosure statement are vague and insufficient. *See N. Am. Lubricants Co. v. Terry*, No. 11-cv-1284-KJM-GGH, 2011 WL 582832, at *5 (E.D. Cal. Nov. 18, 2011) (finding description "business files for NALC" to be so broad as to be meaningless). The broad categories gives no notice to Plaintiffs which documents Defendants may use to support their claims. At this stage, the Court presumes that Defendants have investigated their claims and are able to provide a more categorical breakdown of documents. Although Plaintiffs seek exclusion of all Defendants' documentary evidence, the factual circumstances of this case weigh against such a sanction. First, Plaintiffs delayed inquiring about Defendants' initial disclosure statement until April 2014, more than 5 months after it was to be served. Second, Plaintiffs bypassed moving to compel supplementation of the initial disclosure statement pursuant to this Court's Local Rule 251. Finally, Plaintiffs have not served discovery on Defendants seeking the production of any documents, other than the requests noted above, which occurred late in the discovery process. *See Sheridan*, 2014 WL 587739, at 2.

Defendants must supplement their disclosures by providing a categorical breakdown of the documents they intend to use in this litigation, and because of the current posture of the case, these identified documents must also be produced to Plaintiffs either via electronic means or in hard copy. Since the district court will be addressing Plaintiffs' motion for summary judgment, it can more appropriately address the issue of any additional sanction for Defendants' insufficient disclosure statement as to the identification of documents.

**5.    Declaration of Travis Salisbury in Support of Defendants' Opposition to the Motion for Summary Judgment**

Plaintiffs' preemptive Motion to Exclude was served before Defendants filed their opposition.[6] Plaintiffs' Motion to Exclude seeks to preclude Defendants from offering any evidence in support of their claims or defenses that was not initially disclosed. Defendants offer

---

[6] Typically, evidentiary objections such as Plaintiffs' would have been raised in the reply to Defendants' opposition.

12

1  the declaration of Salisbury in support of their opposition to Plaintiffs' motion for summary
2  judgment. (Doc. 70-2, Salisbury Decl.)

3  Plaintiffs were apparently aware Salisbury had possession of Plaintiffs' accounting records
4  and documents as early as January 9, 2014, when Mr. Durst sent a letter to Salisbury requesting
5  copies of Defendants' tax returns between 2007 and 2012. (Doc. 71-1, Bradford Decl., Exhibit C.)
6  The existence of accounting and financial records was noted in Defendants' initial disclosure
7  statement, but no discovery was served on Defendants seeking the production of those documents.

8  To the extent Plaintiffs wish to specifically object to Salisbury's declaration based on lack
9  of disclosure under Rule 26(a), Plaintiffs may do so in their reply to Defendants' opposition to the
10 motion for summary judgment.  The hearing on Plaintiffs' motion for summary judgment is set for
11 July 9, 2014 (Doc. 74), and pursuant to this Court's local rules, any reply brief must be filed on or
12 before July 2, 2014.  Local Rule 230(d).

### 6. Plaintiffs' Alternative Request to Compel Defendants to Produce Evidence

14 Plaintiffs request that, if the motion to exclude is not granted, Defendants be ordered to
15 immediately produce accountants Salisbury and Polous for deposition, and that Salisbury and
16 Polous produce all documents in their possession.

17 Defendants failed to disclose Salisbury in their initial disclosure statement, and Plaintiffs
18 may raise their objection to the declaration of Salisbury in their reply to Defendants' opposition to
19 the motion for summary judgment.  The issue of compelling all documents from Salisbury and
20 Polous pursuant to Plaintiffs' Rule 45 subpoenas is currently pending before the undersigned, and
21 will be decided by separate order.

### IV. CONCLUSION AND ORDER

23 For the reasons set forth above, Plaintiffs' Motion to Exclude is DENIED.  Defendants'
24 initial disclosure statement was timely, but it was insufficient in certain regards.  As to Mr. Singh's
25 declaration offered in support of Defendants' opposition to the motion for summary judgment, any
26 technical deficiency in the initial disclosure statement is harmless.  Nevertheless, because this
27 declaration is before the district court for consideration relating to a pending motion for summary

judgment, if the district court concludes there was harm to Plaintiffs as a result of the insufficiency, the district court may impose any appropriate remedy.

As to Mr. Salisbury's declaration, also offered in support of Defendants' opposition to the motion for summary judgment, Plaintiffs may raise any specific objection on Rule 26(a) grounds in their reply to the Defendant's opposition to the motion for summary judgment so that it may be considered by the district court.

Defendants' disclosure of categories of documents in the initial disclosure statement is inadequate. As such, Defendants shall provide Plaintiffs with a supplemental disclosure statement providing a more specific categorical breakdown of documents they intend to use <u>and</u> shall produce those documents to Plaintiffs by no later than July 15, 2014. Because Defendants have submitted documentary evidence in support of their opposition to the motion for summary judgment pending before the district court, the undersigned leaves to the district court's discretion whether the insufficient disclosures requires *further* sanction through exclusion.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Exclude is DENIED;
2. Plaintiffs' alternative request that Defendants be ordered to produce documents is GRANTED in part;
    a. Defendants shall supplement their initial disclosure statement to provide a more specific categorical identification of documents they will use to support their claims and defenses;
    b. Defendants shall produce all documents identified in their supplemental initial disclosure statement to Plaintiffs by no later than July 15, 2014, either electronically or in paper form; and
    c. The issue of whether Defendants' insufficient disclosure of documents requires further sanction is left to the discretion of the district court;
3. Plaintiffs may raise any objection to Mr. Salisbury's declaration, which is offered in support of Defendants' opposition to the motion for summary judgment, in Plaintiffs' reply brief for the district court's consideration;

4. To the extent Defendants attempt to offer evidence or testimony of Mr. Grewal at any later proceeding, hearing, or motion, Plaintiffs may renew their objection based on Rule 26(a) at that time; and

5. To the extent the district court concludes Defendants' failure to identify the subject matter of information Mr. Singh was likely to possess was harmful to Plaintiffs, any sanction will be left to the discretion of the district court.

IT IS SO ORDERED.

Dated: **June 28, 2014**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

15