UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL AND MOHINDER S. GILL,<br><br>Plaintiffs,<br><br>v.<br><br>KS CHANDI & SONS, INC., et. al.,<br><br>Defendants. | 1:13-CV-484-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 54)** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. BACKGROUND[1]

This case concerns a dispute between the parties' involvement in purchasing gas stations. Doc. 14, First Amended Complaint ("FAC") at 5. Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gill (collectively, "Plaintiffs") allege that they loaned money to Defendant Nirmal Singh, who allegedly promised to invest the money in two companies, Defendants Chandi Brothers, LLC ("Chandi Brothers") and KS Chandi & Sons ("KS Chandi") (collectively, "the corporations" or "Defendants").

Disputes between the parties arose over the use of the money, the purchase and sale of the gas stations, and the parties' respective debts and obligations to one another. Plaintiffs subsequently filed this suit, alleging twelve causes of action against Defendants. Plaintiffs' tenth cause of action seeks an involuntary dissolution of KS Chandi under California Corporation Code § 1800 ("§ 1800") "on the ground that Defendants . . . are guilty of or have knowingly persistent and pervasive intentional fraud, mismanagement or abuse of authority or persistent unfairness toward Plaintiffs who are shareholders or the corporations." FAC ¶ 138.[2] Plaintiffs claim that "liquidation is necessary for the protection of the rights or interests of Plaintiffs." *Id.* ¶ 139.

In conjunction with their motion for summary judgment, Plaintiffs filed a motion to exclude in which they argued that Defendants "should be precluded from introducing any evidence or witnesses in support of their claims and defenses." Doc. 82 (Magistrate Judge Order) at 6; *see also* Doc. 60 at 1. Plaintiffs asserted that Defendants' failure to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(a) ("Rule 26(a)") warranted the exclusion of essentially all of Defendants' evidence from the record. Doc. 82 at 6.

The Magistrate Judge denied Plaintiffs' motion. *Id.* at 11. The Magistrate Judge found that

---

[1] The following facts are undisputed unless otherwise indicated.

[2] Plaintiffs' tenth cause of action seeks an involuntary dissolution of both Chandi Brothers and KS Chandi, *see* FAC ¶¶ 136-148, but Plaintiffs move for summary judgment on the claim as to KS Chandi only. *See* Doc. 54 at 2.

Defendants' failure to disclose the subject matter contained in Mr. Singh's declaration technically violated Rule 26(a), but found that it caused no harm or prejudice to Plaintiffs. *Id.* The Magistrate Judge noted that Plaintiffs "waited until *after discovery was closed* to raise the issue of an incomplete and insufficient initial disclosure statement." *Id.* at 10 (emphasis in original). Thus, the Magistrate Judge found that "[a]ny prejudice or harm accruing from the inadequate disclosures was compounded, in no small part, by Plaintiffs' lack of attention to the progress of the litigation." *Id.*

Currently pending before the Court is Plaintiffs' motion for partial summary judgment on its tenth cause of action. (Doc. 54). For the reasons discussed below, the Court DENIES the motion.

### III. <u>STANDARD OF DECISION</u>

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in

its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929. *See also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## IV. DISCUSSION

### A.  Plaintiffs' Evidentiary Objections.

Plaintiffs argue that the declaration of Mr. Singh must be excluded. *See* Docs. 85-2, 85-3. Further, Plaintiffs argue that, even if it is not excluded, portions of the declaration are inadmissible.[3]

#### 1.  Exclusion of the Declaration of Mr. Singh.

As noted, the Magistrate Judge denied Plaintiffs' motion to exclude Mr. Singh's declaration because Defendants' conduct amounted to only a "technical violation" of Fed. R. Civ. P. 26(a), which caused Plaintiffs no discernible harm. Doc. 82 at 10. The Magistrate Judge left the remedy, if any, for Defendants' technical violation of Rule 26(a) for the Court's decision. *Id.* at 11.

For the reasons the Magistrate Judge stated, the Court finds that, although Defendants' conduct

---

[3] Although the Court has considered all relevant parts of the record, this Memorandum Decision and Order will only address the arguments and evidence necessary to resolve Plaintiffs' motion for summary judgment.

4

technically violated Rule 26(a), Plaintiffs were not harmed or prejudiced by Defendants' conduct. *See id.* at 9-11. Thus, the Court finds no reason to grant Plaintiffs' motion to exclude on the ground Defendants technically violated Rule 26(a). *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Plaintiffs also move to exclude Mr. Singh's declaration on the ground it is a "sham" because it "directly conflict[s] with his earlier statement that he allegedly 'is the sole shareholder' of KS [Chandi]." Doc. 85-2 at 4 (emphasis omitted). Plaintiffs argue that Mr. Singh represented in a related bankruptcy proceeding that he is the sole shareholder of KS Chandi, which he "disavows" in his declaration. *Id.* at 2. In support, Plaintiffs cite to paragraphs 23 and 51 of Mr. Singh's declaration, which read in relevant part: "The Chandis were owners of KS Inc and Chandi Bros only for a time, and then I became the sole owner of both entities," Doc. 70-1 (Declaration of Nirmal Singh ("Singh Decl.")) at ¶ 23; "[t]he Chandis divested themselves of their shares in KS Inc. well before October 8, 2013." *Id.* ¶ 51.

Notably, Plaintiffs make no reference to the first sentence of Mr. Singh's declaration, which reads: "I am the sole shareholder of [KS Chandi] and sole member of [Chandi Bros]." *Id.* ¶ 1. Given this testimony, the Court cannot discern how Mr. Singh's declaration "directly conflict[s] with his earlier statement that he allegedly 'is the sole shareholder' of KS [Chandi]." Doc. 85-2 at 4 (emphasis omitted). Thus, the Court DENIES Plaintiffs' motion to exclude Mr. Singh's declaration on the ground it is a "sham."

**2.  Evidentiary Objections.**

Mr. Singh testifies in his declaration that he is "the sole shareholder of [KS Chandi]." Singh Decl. at ¶1. Plaintiffs object to this statement as inadmissible on the grounds it is improper opinion evidence (Fed. R. Evid. 702); it is an improper legal conclusion (Fed. R. Evid. 701); it lacks foundation (Fed. R. Evid. 602); it is speculative (Fed. R. Evid. 602, 701); and it is inadmissible hearsay (Fed. R. Evid. 802). Doc. 85-2 at 12. Plaintiffs provide no explanation of the grounds for these objections.

Plaintiffs' objections have no merit. Mr. Singh's statement does not constitute improper opinion evidence nor an improper legal conclusion because he is merely describing his alleged shareholder status, which is acceptable and admissible lay opinion. *See* Fed. R. Evid. 701. Mr. Singh's statement does not lack foundation and is not speculative because he clearly has personal knowledge of his ownership of the corporations. Likewise, Mr. Singh's statement is not inadmissible hearsay because Mr. Singh could testify to the extent of his ownership of the corporations at trial. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003) ("Because the diary's contents could be presented in an admissible form at trial, we may consider the diary's contents in the Bank's summary judgment motion. *Accord Hughes v. United States*, 953 F.2d 531, 543 (9th Cir.1992) (litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections; the facts underlying the affidavit are of the type that would be admissible as evidence even though the affidavit itself might not be admissible)"). Accordingly, Plaintiffs' objections to Mr. Singh's statement are OVERRULED.

**B.     Plaintiffs' Claim for Involuntary Dissolution.**

To succeed on their claim for involuntary dissolution, Plaintiffs must first demonstrate that they are "shareholders who hold shares representing not less than 33 ½ percent of" KS Chandi. § 1800(a)(2).[4] Involuntary dissolution is a "drastic remedy." *Stuparich v. Harbor Furniture Mfg, Inc.*, 83 Cal. App. 4th 1268, 1279 (2000). The parties dispute whether Plaintiffs are 33.5% shareholders of KS Chandi. *See* Doc. 70 at 4-5. In support, Defendants point to the declaration of Mr. Singh, who claims he is the sole shareholder of KS Chandi. *Id.* at 5; *see also* Singh Decl. at ¶ 1.

The Court finds that Mr. Singh's declaration creates a triable issue of material fact as to the threshold issue of whether Plaintiffs own a sufficient interest in KS Chandi to bring a claim for involuntary dissolution of the corporation under § 1800(a)(2). In the absence of evidence establishing that Plaintiffs are undisputed 33.5% shareholders of KS Chandi, the Court cannot find that they are

---

[4] The other provisions of § 1800 that pertain to other groups of persons who may file for a voluntary dissolution are inapplicable here. *See* Doc. 54 at 9 (Plaintiffs arguing that they can move for involuntary dissolution as 1/3 shareholders of the corporations).

entitled to seek an involuntary dissolution of the corporation under § 1800(a)(2). Accordingly, Plaintiffs' motion for partial summary judgment on their tenth cause of action is DENIED.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Plaintiffs' motion for partial summary judgment on their tenth claim for involuntary dissolution.

IT IS SO ORDERED.

Dated:   **July 7, 2014**                              **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE