# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, an individual and MOHINDER S. GILL, an individual, | Case No. 1:13-cv-00484-LJO-SKO |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL** |
| v. | (Doc. Nos. 63, 65) |
| NIRMAL SINGH, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gill ("Plaintiffs") filed this action on April 3, 2013, alleging claims against Defendants Nirmal Singh, Nachhattar S. Chandi, Susana E. Chandi, KS Chandi & Sons, Inc., Chandi Brothers, LLC, and Valley Petroleum, Inc.

On August 16, 2013, the Court dismissed all claims against each of the Defendants except a breach of contract claim against Defendant KS Chandi & Sons, Inc. ("Chandi & Sons") and an involuntary dissolution claim against Chandi & Sons and Chandi Brothers, LLC ("Chandi Brothers") (collectively, "Defendants").

On June 5, 2014, Plaintiffs filed two motions to compel compliance with subpoenas issued pursuant to Federal Rule of Civil Procedure 45 to non-parties Travis Salisbury and Polous & Polous, Inc. (Docs. 63, 65.)

Defendants filed briefs in opposition to both motions (Docs 76, 77), and former defendants Nachhattar S. Chandi and Susana E. Chandi also filed briefs in opposition to both motions (Docs. 75, 78).  On July 2, 2014, Plaintiffs filed reply briefs.  (Docs. 83, 84.)

For the reasons set forth below, Plaintiffs' motions to compel compliance with the Rule 45 subpoenas are DENIED.

## II.   BACKGROUND

### A.   Factual Background[1]

#### 1.   Summary

Mr. Singh is an ARCO AM PM ("AM PM") franchisee and developer who sought investors to purchase and develop AM PM gas station/convenience stores along with his brother and sister-in-law, Mr. and Ms. Chandi ("the Chandis").  The Chandis reside in Riverside County and, with Mr. Singh, own more than 10 California AM PMs.  Chandi & Sons and Chandi Brothers are California corporations principally located in Turlock, California.  At relevant times, Mr. Singh was the chief financial officer ("CFO") and shareholder of Chandi Brothers and Chandi & Sons.  Plaintiffs are husband and wife and Canadian physicians who claim to have been bilked out of a $1.35 million investment in the AM PMs at issue in this action.

#### 2.   Relevant Procedural Background

On October 3, 2013, the parties appeared for a Scheduling Conference, and a scheduling order was issued on October 9, 2013.  The scheduling order requires that all non-expert discovery be completed by April 10, 2014.

On January 9, 2014, Plaintiffs' counsel sent a letter to Defendants' accountant Travis Salisbury ("Salisbury") demanding copies of Defendants' tax returns.  (Doc. 71-1, Bradford Decl., ¶ 19.)  Salisbury was informed by Defendants' counsel he had no legal obligation to respond to Plaintiffs' request.

On April 2, 2014, Plaintiffs served Salisbury with a Subpoena to Produce Documents on April 22, 2014.  (Doc. 63-1, Exhibit A.)  On that same day, Plaintiffs also served Gaby Polous

---

[1] The factual background is taken from the District Court's summary of Plaintiffs' factual allegations as set forth in the Court's order of August 16, 2013.  (Doc. 25.)

2

("Polous"), as custodian of records for Polous & Polous, Inc. with a Subpoena to Produce Documents. (Doc. 63-2, Exhibit B.)

Neither Salisbury nor Polous & Polous, Inc. served any objections to the discovery request, nor did they produce the requested documents. Defendants, however, served objections on Plaintiffs noting that time for compliance with the subpoena was outside the applicable discovery deadline in the case and the production requests were all "overbroad, vague and ambiguous." (Doc. 63-4.) On May 31, 2014, Plaintiffs' counsel faxed and emailed to Salisbury and Defendants' counsel a letter regarding their failure to produce documents or timely object to the subpoenas. Plaintiffs' counsel extended the deadline to produce until June 4, 2014.

After no documents were produced, Plaintiffs filed the current motions to compel production from Salisbury and Polous & Polous, Inc. (Docs. 63, 65.) It is these motions that are currently pending before the Court.

### III.   DISCUSSION

**A.   Legal Standard – Rule 45**

Pursuant to Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a non-party "to attend and give testimony or to produce and permit inspection [and] copying of" documents. Fed. R. Civ. P. 45(a)(1)(C). A subpoena is subject to the relevance requirements set forth in Rule 26(b). Fed. R. Civ. P. 26(b)(1). The non-party may serve objections to the subpoena within fourteen days after service, or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(c)(2)(B). A non-party's failure to timely make objections to a Rule 45 subpoena generally results in waiver of the objections. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir.). However, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

**B.   Plaintiffs' Rule 45 Subpoenas Were Untimely Under the Scheduling Order**

In a majority of jurisdictions, with certain exceptions not present here, Federal Rule of Civil Procedure 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period. *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001) ("Most courts hold

that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines."); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case.")  Thus, the subpoenas served here constitute pretrial discovery that is subject to the scheduling order deadlines.

The scheduling order requires the parties to "complete all discovery pertaining to non-experts on or before April 10, 2014." (Doc. 3, 3:21-22.)  The expert disclosure deadline was April 18, 2014, and the rebuttal expert disclosure was May 15, 2014.  Plaintiffs served two subpoena requests on April 2, 2014, prior to the discovery deadline of April 10, 2014.  Responses to the subpoenas were due on April 22, 2014 -- after the deadline.

Although the subpoenas were served before the deadline to complete non-expert discovery, the production date specified is beyond the deadline.  The scheduling order does not define "complete," but the remaining deadlines as well as the practicalities of litigation inform the parties that discovery must be planned so that both service of discovery and any required responses will occur within the deadline.  Otherwise, a party would be permitted to serve and propound discovery on the deadline, which would necessarily remain outstanding until after the deadline, and potentially impact the remainder of the schedule.  Such a practice could affect disclosure of expert witnesses who must prepare reports, potentially based on the outstanding discovery of non-parties pursuant to Rule 45.  Moreover, allowing a party to *serve* discovery prior to the deadline, but not *require production* within the deadline, would potentially invite gamesmanship which could result in prejudice to other parties.  If "completed" merely meant that discovery must be served by the deadline, the deadline itself would be meaningless and would not fulfill its intended purpose with respect to the remainder of the schedule.  This would also leave the Court less able to effectively manage its docket.

Finally, Plaintiffs could have sought these documents earlier in the discovery process. Plaintiffs' counsel sent a letter to Travis Salisbury seeking many of these documents as early as

4

January 2013, but failed to serve a subpoena for records until April 2, 2014. (*See* Doc. 82, 3:17-20.)

As the subpoenas require production beyond the discovery deadline contained in the scheduling order, they will not be enforced. Plaintiffs' motions to compel are DENIED.

IT IS SO ORDERED.

Dated:  **July 11, 2014**                                    **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE