# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NIRMAL SINGH, et al.,<br><br>Defendants. | Case No. 1:13-cv-00484-LJO-SAB<br><br>ORDER IMPOSING SANCTIONS FOR PLAINTIFFS' FAILURE TO APPEAR AT SETTLEMENT CONFERENCE<br><br>(ECF Nos. 99, 100, 113) |

**I.**

**PROCEDURAL HISTORY**

A settlement conference in this action was scheduled for July 28, 2014 at 10:30 a.m. before the undersigned. Plaintiffs Jagjeevan K. Dhaliwal and Mohinder Gil did not appear at the settlement conference. Following the settlement conference, an order issued requiring Plaintiff Dhaliwal and Gil to show cause why they should not be sanctioned for their failure to appear. On August 14, 2014, Defendants KS Chandi & Sons, Inc. and Chandi Brothers, LLC submitted a memorandum of costs for their attendance at the settlement conference. On August 26, 2014, Plaintiff filed a response to the order to show cause.

An order to show cause hearing was held on September 3, 2014. Counsel Lee Durst was present with Plaintiffs Dhaliwal and Gil and Counsel Marc Robinson appeared for Defendants. The Court has considered the papers filed by the parties and the arguments at the September 3

1

hearing and issues the following order.

## II.
## LEGAL STANDARD

The Court has inherent power to sanction parties or their attorneys for improper conduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43-46 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980); <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001). A specific finding of bad faith must precede any imposition of sanctions under the Court's inherent powers. <u>United States v. Stoneberger</u>, 805 F.2d 1391, 1393 (9th Cir. 1986).

Federal Rule of Civil Procedure 16 provides that a court may issue any just order for the failure to appear at a pretrial conference or failing to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A) and (B). Rule 16(f)(2) mandates that "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Further, pursuant to Local Rule 110 the Court can impose any and all sanctions for the failure of counsel or a party to comply with the Local Rules or any order of the Court.

## III.
## DISCUSSION

**A.    Sanctions Pursuant to the Federal Rules of Civil Procedure and Local Rules**

When counsel appeared for the settlement conference he represented to the Courtroom Clerk that the individual in attendance was his client. It was not until the notice from defense counsel was received that the Court became aware that the individual attending the settlement conference was not a plaintiff in this action. At the hearing, Plaintiff's counsel informed the Court that while the person accompanying him was his client, he was not his client in this particular federal case. It is apparent that the confusion arose therein from the initial statement by counsel. Based upon the circumstances presented here, the Court does not find bad faith on the part of Plaintiffs. Accordingly, the Court will not issue sanctions under its inherent power.

However, Local Rule 270(f)(1) provides that unless otherwise specifically permitted by

the Court conducting the settlement conference, "counsel shall be accompanied in person by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms." Furthermore, the order issued October 9, 2013 provided that "**the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** at the conference." (Scheduling Order 6:21-23, ECF No. 38 (emphasis in original)).

In their response to the order to show cause, Plaintiffs contend that Mr. Gil attempted to enter the United States on July 25, 2014 but was denied entry. Plaintiffs conduct in failing to appear at the settlement conference does not need to be intentional in order for the Court to impose sanctions. Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001).

Plaintiffs do not explain why they did not inform the Court or opposing counsel prior to the scheduling conference that they would not be in attendance or file a motion for the conference to occur without their presence. While counsel states that he was not able to inform the Court of the non-appearance prior to the settlement conference, the Electronic Case Management System is available after hours and counsel had the ability to file a notice that the Court would have received on Monday morning prior to the settlement conference.

Plaintiffs also argue that since the Court found the parties were too far apart in their settlement offers the result of the settlement conference would have been the same had they been in attendance. However, it is this Court's experience that having the parties present allows the Court to fully set forth the strengths and weakness of the parties' case, giving the party an opportunity to consider whether their settlement request is reasonable. Since Plaintiffs did not appear at the settlement conference, the Court was unable to discuss the case with them. Had Plaintiffs been present the action may have been able to settle. In this instance, the Court exercises its power under the Local Rules of the Eastern District and Federal Rule of Civil Procedure 16 to impose a sanction for Plaintiffs failure to appear at the settlement conference.

**B.     Attorney Fees**

The Court shall order Plaintiffs to pay the costs Defendants' incurred for attending the

1  settlement conference as a sanction for the failure to comply with the Court order.  Defendants
2  seek $5,950.00 in attorney fees and $481.60 in costs for their attendance at the settlement
3  conference.

4  Trial courts have broad discretion in determining the reasonableness of attorney fees.
5  Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992).  The Ninth Circuit utilizes the
6  "lodestar" approach for assessing reasonable attorneys' fees, where the number of hours
7  reasonably expended is multiplied by a reasonable hourly rate.  Gonzalez v. City of Maywood,
8  729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th
9  Cir. 2008).  The court then may adjust the lodestar upward or downward based upon a variety of
10 factors.  Gonzalez, 729 F.3d at 1202.

11     1. Reasonable Hourly Rate

12 Mr. Bradford and Mr. Robinson each seek an hourly rate of $350.00 per hour.
13 Reasonable fees are to be determined based upon the prevailing market rate in the relevant
14 community.  Blum v. Stenson, 465 U.S. 886, 896 (1984).  Plaintiffs do not object to the hourly
15 rate and the District Judge has previously found that this is a reasonable hourly rate for defense
16 counsel in this action.  (Order to Award Attorney Fees 9, ECF No. 33.)  The Court finds that
17 $350.00 per hour is a reasonable hourly rate for Mr. Bradford and Mr. Robinson.

18     2. Reasonable Hours Expended

19 Mr. Robinson has submitted a declaration stating that he spent 6.5 hours traveling to,
20 meeting with and preparing his client for, and attending the settlement conference.  (Decl. of
21 Marc B. Robinson ¶ 2, ECF No. 100-1.)  Mr. Robinson drove 260 miles from Stockton,
22 California to Fresno and is requesting the IRS standard mileage rate of $.56 per mile.  (Id. at ¶ 2.)
23 Mr. Robinson is seeking $2,275.00 in attorney fees and $145.60 in expenses for a total of
24 $2,420.60.

25 Mr. Bradford has submitted a declaration stating that he spent 10.5 hours traveling to,
26 meeting with and preparing his client for and attending the scheduling conference.  (Decl. of
27 Matthew C. Bradford ¶ 2, ECF No. 100-2.)  Mr. Bradford drove 600 miles from his office in
28

Temecula, California to Fresno and is requesting the IRS standard rate of $.56 per mile.[1] (Id. at ¶ 2.) Mr. Bradford is seeking $3,675.00 in attorney fees and $336.00 in expenses for a total of $4011.00.

Plaintiffs object to the imposition of costs for two attorneys to attend the settlement conference contending that Mr. Robinson did not need the aid of Mr. Bradford at the conference. In this action, Mr. Robinson and Mr. Bradford have jointly represented Defendants KS Chandi & Sons, Inc. and Chandi Brothers, LLC. The scheduling order required "**the attorneys who will try the case**" to appear for the settlement conference. As set forth in the scheduling order both attorneys appeared as they will be jointly trying this action. Furthermore, during the September 3, 2014 hearing Mr. Robinson argued that both attorneys came and met with their clients prior to the settlement conference to ensure the best possibility of settling this action. The Court does not find it unreasonable for two attorneys to attend the settlement conference in this instance.

Plaintiffs also object that the declarations do not include a breakdown of the work performed. In this instance, the settlement conference itself was approximately one hour. Mr. Robinson traveled from Stockton, which is approximately a two hour drive from Fresno accounting for four hours round trip. Mr. Robinson is requesting approximately one and one half hours to prepare for and meet with and prepare his client for the settlement conference.

Similarly, Mr. Bradford traveled from Temecula to Fresno which is approximately a four and one half hour drive each way and he is only requesting ten and one half hours total time. A reasonable fee is one that is "adequate to attract competent counsel but, . . . [that does] not produce windfalls to attorneys." Blum, 465 U.S. at 897 (quoting S.Rep. No. 94-10011, p. 6 (1976)). The Court finds that the hours requested by Mr. Robinson and Bradford are reasonable.

Accordingly, the Court shall award attorney fees of $5,950.00 and costs of $481.60 for a total of $6,431.60.

---

[1] Plaintiffs object to the mileage from Mr. Bradford's office to Fresno. According to counsels' website, their Southern California office is located at 43471 Ridge Park Drive, Temecula, California. The mileage from Temecula to Fresno on Mapquest is 300.9 miles one way. This is consistent with Mr. Bradford's request for 600 miles.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that

1. Sanctions in the amount of $6,431.60 are imposed against Plaintiffs Jagjeevan Dhaliwal and Mohinder Gil, jointly and severally, for their failure to appear at the settlement conference on July 28, 2014; and

2. Plaintiffs Jagjeevan Dhaliwal and Mohinder Gil shall pay the total amount of $6,431.60 to Defendants KS Chandi & Sons, Inc. and Chandi Brothers, LLC by October 6, 2014.

IT IS SO ORDERED.

Dated:  **September 4, 2014**

UNITED STATES MAGISTRATE JUDGE