# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL AND MOHINDER S. GILL,<br><br>Plaintiffs,<br><br>v.<br><br>KS CHANDI & SONS, INC., et. al.,<br><br>Defendants. | 1:13-CV-484-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS (Doc. 103)** |

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

This case concerns a dispute between the parties' involvement in purchasing gas stations. Doc. 14, First Amended Complaint ("FAC") at 5. Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gill (collectively, "Plaintiffs") allege that they loaned money to Defendant Nirmal Singh, who allegedly promised to invest the money in two companies, Defendants Chandi Brothers, LLC ("Chandi Brothers") and KS Chandi & Sons ("KS Chandi") (collectively, "Defendants").

Disputes between the parties arose over the use of the money, the purchase and sale of the gas stations, and the parties' respective debts and obligations to one another. Plaintiffs subsequently filed their complaint. Based on this suit, on August 11, 2014, Plaintiffs filed a Notice of Pendency of Action with the Stanislaus County Recorder's Office as document number 2014-0052097-00 ("the lis pendens"). Doc. 103-1 at 3.

Currently pending before the Court is Defendants' motion to expunge lis pendens. Doc. 103. The

---

[1] The following facts are undisputed unless otherwise indicated.

1

thrust of Defendants' motion is that the lis pendens should be expunged because the FAC contains no real property claim, which is a necessary prerequisite for filing a lis pendens. Defendants further assert that, evening assuming the FAC contains a real property claim, Plaintiffs cannot meet their burden of showing the probable validity of any such claim. Doc. 103-3 at 6. Plaintiffs argue that they "have an absolute right to file [the lis pendens] against the subject property because they have a claim for a real property interest" and the FAC, specifically, the first cause of action for breach of contract, contains a real property claim. Doc. 115 at 2.

The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the reasons discussed below, the Court GRANTS Defendants' motion to expunge lis pendens.

## II. DISCUSSION

Under California Code of Civil Procedure § 405.20, "[a] party to an action who asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which that real property claim is alleged." The party opposing the motion to expunge bears the burden of proving by a preponderance of the evidence that the pleading on which the notice of lis pendens is based contains a valid real property claim. *See* Cal. Code Civ. Proc. §§ 405.30, 405.31, 405.32. Accordingly, "[a] court should expunge a lis pendens if it determines that 'the pleading on which the notice is based does not contain a real property claim,' or if a real property claim 'as pled lacks evidentiary merit.'" *Rey v. OneWest Bank, FSB*, No. 2:12-CV-2078-MCE-GGH, 2013 WL 1791910, at *5 (E.D. Cal. Apr. 26, 2013) (quoting *Park 1000 Inv. Group II v. Ryan*, 180 Cal. App. 4th 795, 808 (2009)). If the operative pleading contains a real property claim, the Court must then determine whether "it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Code Civ. Proc. § 405.3; *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-CV-3957-WHO (WHO), 2013 WL 6072109, at *1 (N.D. Cal. Nov. 18, 2013).

Even assuming the FAC contains a real property claim (which appears questionable), Plaintiffs have provided no credible evidence or argument that suggests they are likely to succeed against

Defendants on any such claim. Plaintiffs merely argue that the FAC contains a real property claim and, therefore, the lis pendens is valid. *See* Doc. 115 at 2-3. Plaintiffs do not (and cannot) provide any support for that proposition.[2] Plaintiffs have failed to provide preponderant evidence that the pleading on which the notice of lis pendens is based—the FAC—contains a valid real property claim on which they will succeed against Defendants. *See* Cal. Code Civ. Proc. §§ 405.30, 405.31, 405.32. Accordingly, the Court GRANTS Defendants' motion to expunge lis pendens.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to expunge lis pendens (Doc. 103).

IT IS SO ORDERED.

Dated:   **September 16, 2014**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs attached over 75 pages of documentation to their opposition to Defendants' motion. *See* Doc. 115-1. Plaintiffs provide no explanation as to how those documents demonstrate that the lis pendens is valid.