# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL AND MOHINDER S. GILL,<br><br>Plaintiffs,<br><br>v.<br><br>KS CHANDI & SONS, INC., et. al.,<br><br>Defendants. | 1:13-CV-484-LJO-SKO<br><br>**ORDER RE DEFENDANTS' REQUEST FOR ATTORNEY'S FEES AND COSTS (Doc. 103)** |

On August 20, 2014, Defendants KS Chandi & Sons, Inc. and Chandi Brothers, LLC (collectively, "Defendants") filed a motion to expunge lis pendens. Doc. 103. In their motion, Defendants requested an award of $6,650.00 for the attorney's fees and costs associated with bringing the motion. *Id.* at 10. On September 16, 2014, the Court granted Defendants' motion, but inadvertently failed to address Defendants' request for attorney's fees and costs. Doc. 124.

Because the Court granted Defendants' motion to expunge, the Court must award Defendants reasonable attorney's fees and costs associated with bringing the motion unless Plaintiffs "acted with substantial justification [in filing the lis pendens] or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38. Plaintiffs bear the burden of proving they acted with substantial justification. *See Am. Nat'l Red Cross v. United Way Calif. Capital Region*, No. CIV S-07-1236 WBS DAD, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). "California cases have defined a 'substantially justified' position to mean one which is justified to a degree that would satisfy a reasonable person." *Wertin v. Franchise Tax Bd.*, 68 Cal.App.4th 961, 977 (1998).

Defendants argue that Plaintiffs have not acted with substantial justification. Doc. 103-3 at 10. In

their opposition to Defendants' motion to expunge, Plaintiffs make no argument as to whether they acted with substantial justification in filing the lis pendens and refusing to withdraw it after Defendants' requests to do so. *See* Doc. 115 at 3. Plaintiffs therefore have failed to meet their burden of proving that they acted with substantial justification, and the Court cannot find circumstances that would make the imposition of attorney's fees unjust here. Cal. Code Civ. Proc. § 405.38.

Accordingly, Defendants are entitled to an award of attorney's fees and costs. Counsel for Defendants requests $6,650.00 in attorney's fees and costs for 19 hours expended at a rate of $350.00 per hour. Doc. 103-2 at 3. Counsel claims he spent 14 hours in preparing the motion to expunge and anticipates spending an additional 5 hours responding to Plaintiffs' opposition and attending the hearing on the matter for a total of 19 hours. *Id.*

The Court finds counsel for Defendants' request to be wholly unreasonable. The Court recently granted the same counsel an award of attorney's fees and costs for bringing a nearly identical motion to expunge in a related case. *See Doan v. Singh*, 13-cv-531-LJO-SMS, Doc. 57 at 6. In that case, counsel claimed that he expended 6.5 hours at an hourly rate of $350.00 for a total of $2,275.00. *Doan*, 13-cv-531-LJO-SMS, Doc. 50-2 at 2.

Given counsel's familiarity with the issues underlying the motion, the relative brevity of the parties' pleadings, and the fact that the Court did not hold a hearing on the matter, the Court cannot find that 19 hours is a reasonable amount of time for counsel to have spent on the motion. It appears particularly unreasonable given that counsel recently spent 6.5 hours on a nearly identical motion in *Doan*.

The Court finds that $350.00 per hour is a reasonable rate but that 3.5 hours is a reasonable amount of time here. Counsel for Defendants is therefore awarded $1,225.00 in attorney's fees and costs associated with bringing the motion to expunge.

IT IS SO ORDERED.

Dated: **September 18, 2014**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE