# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJEEVAN K. DHALIWAL, and MOHINDER S. GILL, <br><br> Plaintiffs, <br><br> v. <br><br> KS CHANDI & SONS, INC., et al., <br><br> Defendants. | 1:13-cv-00484-LJO-SKO <br><br> **ORDER ON MOTIONS IN LIMINE** <br> (Docs. 121, 122, 123) <br><br> **(Jury Trial 10-15-2014)** |

## INTRODUCTION

Plaintiffs Jajeevan K. Dhaliwal and Mohinder S. Gill ("Plaintiffs") bring this action against Defendants KS Chandi & Sons, Inc., Chandi Brothers, LLC, Nirmal Singh ("Singh"), Nachhattar S. Chandi, Susana E. Chandi, and Valley Petroleum In.c (collectively, "Defendants") for claims arising out of investments in Stanislaus County gas stations/convenience stores. Pending before the Court are Plaintiffs' and Defendants' motions in limine. Having reviewed the parties' submissions, the Court rules on the motions in limine as follows.

## BACKGROUND

Singh is an ARCO AM PM ("AM PM") franchisee and developer, who, together with Nachhattar S. Chandi and Susana E. Chandi ("Chandis"), sought investors to purchase AM PM gas station/convenience stores. Singh and the Chandis own more than ten AM PMs in California. Plaintiffs, husband and wife, claim to have invested in AM PMs at issue in this action. At all relevant times, Singh was the chief financial officer ("CFO") and a shareholder of Chandi & Sons, Inc., and of Chandi Brothers, LLC. At all relevant times, Nachhattar S. Chandi and Susana E. Chandi were

1

President and Secretary, respectively, of Chandi & Sons, Inc., and of Chandi Brothers, LLC.

Following motions to dismiss by Defendants, two of Plaintiffs' claims in this matter remain viable: Plaintiffs' first cause of action for breach of contract against Chandi & Sons, Inc., and Plaintiffs' tenth cause of action for involuntary dissolution against Chandi & Sons, Inc., and Chandi Brothers, LLC. (Doc. 25).

On March 5, 2014, this Court denied Defendant's motion for summary adjudication as to Plaintiff's tenth cause of action. (Doc. 51).

On September 15, 2014, Defendants filed motions in limine. (Doc. 121). Plaintiffs filed oppositions on September 22, 2014. (Doc. 129).

On September 15, 2014, Plaintiffs filed motions in limine. (Docs. 122, 123). Defendants filed oppositions on September 22, 2014. (Docs. 131, 132).

This case is scheduled for trial on October 15, 2014.

## LEGAL STANDARD

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See*, *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co*., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

**DEFENDANTS' MOTIONS IN LIMINE**

**1. Exclude non-party witnesses from courtroom during trial**

In their first motion in limine, Defendants request exclusion of all non-party witnesses from the courtroom except during trial to testify pursuant to Fed. R. Civ. P. 615.  Defendants expressed concern in particular as to potential witnesses Harpreet Dhaliwal and Amanda Bui because their "testimony will be influenced by what other witnesses testify to during the trial."  (Doc. 121).  Plaintiffs argue Defendants' MIL should be denied because witness Amanda Bui is not a qualified witness and therefore cannot be excluded from courtroom.

Defendants' motion is GRANTED.  All non-party potential witnesses are excluded from the courtroom during trial.  A potential witness is a person that an officer of the court represents, in good faith, may testify.

**2. Exclude testimony and evidence of Plaintiff's experts**

Defendants seek to exclude testimony and evidence of Plaintiffs' experts Sheila Lowe and Phil Pisano.  Defendants argue that Lowe was not identified as a witness until August 1, 2014, after the parties' expert disclosures were due on April 18, 2014.  Defendants further argue that Pisano was timely identified as an expert but Plaintiffs did not provide any report from either expert.

Plaintiffs state that they have removed Pisano as an expert witness.  Therefore, Defendants' motion as to Pisano is DENIED as moot.

Plaintiffs further argue Lowe is an impeachment witness, so no is disclosure is required.  Further, if disclosure is required, Plaintiffs argue they complied with disclosure requirements for an impeachment expert witness.

Lowe must qualify as a legally defined "impeachment witness" or she will be excluded.  The Court ORDERS Plaintiffs to submit a declaration by no later than October 6, 2014 indicating why she so qualifies.

**3. Exclude evidence not timely disclosed by Plaintiffs**

Defendants seek to exclude evidence contained in Plaintiff's supplemental disclosures that were filed after the close of discovery in this case.

Plaintiffs argue that they timely disclosed all the evidence and documents as the supplemental disclosure are simply the same documents as previously disclosed, just with BATES stamped numbers.

Plaintiffs further argue that the specific evidence Defendants seek to exclude is impeachment evidence of "Mr. Singh committing perjury in this Court" which Plaintiffs are not required to disclose;

The parties are ORDERED to meet and confer as to whether Plaintiffs' documents and evidence were timely disclosed without BATES stamps. If Plaintiffs' documents and evidence were not timely disclosed without BATES stamps, they will be excluded.

**4. Exclude testimony of witnesses not disclosed during discovery**

Defendants request that the Court exclude the testimony of a number of individuals Plaintiffs listed on their trial witness list, filed August 25, 2014, that were not disclosed in Plaintiffs' initial disclosures while discovery was open. Plaintiffs argue the specific witnesses Defendants seek to exclude are impeachment witnesses; therefore, no disclosure is required.

These witnesses must qualify as a legally defined "impeachment witness" or they will be excluded. The Court ORDERS Plaintiffs to submit a declaration by no later than October 6, 2014 indicating why each witness at issue so qualifies.

**5. Bifurcate trial on Plaintiffs' claims (FRCP 42(b))**

Defendants request an order to bifurcate the trial on Plaintiffs' two remaining claims, breach of contract and involuntary dissolution. Defendants argue bifurcation is necessary because Plaintiffs have no claim on the second claim unless and until they have succeeded on the first. Defendants are also concerned that evidence as to the second claim will be prejudicial as to Defendant Singh.

Plaintiffs stipulate to bifurcation of the trial on their two claims.

The parties are ORDERED to submit a trial estimate as to the breach of contract claim and as to the involuntary dissolution claim <u>as bifurcated</u>. The Court will rule on bifurcation following the parties' submission of the trial estimate.

**6. Exclude evidence or comment regarding settlement communications and "witness tampering"**

Defendants request an order preventing all counsel and witnesses from offering any evidence or argument regarding settlement communications between Defendants and Plaintiffs or Defendants and

4

other litigants and allegations that Defendant Singh engaged in "witness tampering" by making payment or settlement offers to litigants in other cases.  Plaintiffs argue that Defendants' motion is vague, and that Defendant Singh's alleged offers to pay Plaintiffs and third parties are relevant and admissible.

Defendants' motion is GRANTED as to evidence of settlement communications between Defendants and Plaintiffs or Defendants and other litigants.  Defendants' motion is DENIED as to evidence of Singh offering payment to litigants in other cases as "witness tampering" because it is relevant on issues of potential witness bias.

**7. Exclude evidence of other lawsuits against Defendants**

Defendants seek exclusion of evidence as to other lawsuits against Defendants.  Plaintiffs appear to agree to exclude evidence of other lawsuits against Defendants.

Defendants' motion is GRANTED on the grounds of relevancy and Fed. R. Evid. 403.

8. **Exclude arguments and evidence as to character**

Defendants seek to exclude any evidence concerning any party or witness's general reputation for truthfulness or honesty or lack thereof because such evidence will be more prejudicial than probative.  Plaintiffs argue Defendants' motion should be denied due to vagueness and that evidence as to witnesses' truthfulness and credibility is admissible.

Defendants' motion is DENIED.

**9. Exclude evidence that Plaintiffs are shareholders of Defendant KS Chandi, Inc. and/or members of Defendant Chandi Brothers, LLC**

Defendants argue Plaintiffs pled in their first amended complaint that they are neither shareholders nor members of either KS Chandi, Inc. or Chandi Brothers, LLC.   Plaintiffs argue Defendants' motion should be denied because of this Court's finding in its order denying Defendants' motion for summary judgment in which Defendants made the same argument that the pleadings in Plaintiffs' first amended complaint do not constitute a judicial admission that Plaintiffs are neither shareholders nor members of either Defendant corporation. (Doc. 51).

"A judicial admission must be deliberate, clear, and unambiguous." *Grandoe Corp. v. Gander Mountain Co.*, ––– F.3d ––––, ––––, 2014 WL 3765572, at *5 (8th Cir. Aug. 1, 2014).  *See also*,

*Truckstop.Net, L.L.C. v. Sprint Commc'ns Co., L.P.*, 537 F. Supp. 2d 1126, 1135 (D. Idaho 2008) ("To qualify as a judicial admission, the admission must be 'deliberate, clear, and unequivocal.'") (quoting *Heritage Bank v. Redcom Laboratories, Inc*., 250 F.3d 319, 329 (5th Cir. 2001)).  The pleadings in Plaintiff's first amended complaint do not show a deliberate, clear, unambiguous, or unequivocal admission that Plaintiffs are neither shareholders nor members of either KS Chandi, Inc. or Chandi Brothers, LLC.  *Id*.; (Doc. 14).  Therefore, Plaintiffs did not make a judicial admission as to the same.  Defendants' motion is DENIED.

**10. Exclude evidence regarding damages calculation**

Defendants move to bar Plaintiffs from presenting any computation of damages at trial because Plaintiffs failed to provide a computation of any category of damages in either their initial disclosures and during discovery.

Plaintiffs argue they properly disclosed their damages calculations, totaling $6,402,086.00 in "damages caused by Defendants" that is "not including the original $1,350,000 note," in their complaint.  (Doc. 129).

Defendants' motion is DENIED, but Plaintiffs may rely only on the amounts and damages calculations disclosed in their complaint.

## PLAINTIFFS' MOTIONS IN LIMINE

**1. Exclude Defendants' documents and witnesses as evidentiary sanction for Defendants' noncompliance with Court order and Fed. R. Civ. P. 26**

Plaintiffs argue Defendants failed to comply with this Court's June 30, 2014 order to produce documents identified in supplemental disclosures and that such conduct warrants evidentiary sanctions. Defendants argue they fully and timely complied with Court's order to supplement initial disclosures and that a technology malfunction delayed Plaintiffs' ability to access the supplemental disclosures provided by Defendants.

Plaintiff's motion is DENIED.

**2. Exclude testimony of witnesses who lack personal knowledge**

6

Plaintiffs argue five of Defendants' witnesses were not present during 2006 through mid-2011 and therefore have no personal knowledge as whether Plaintiffs purchased 50% of Defendants' two entities.  Defendants argue those witnesses do have personal knowledge.

Plaintiffs' motion is DENIED without prejudice, subject to a timely objection after the alleged foundation has been laid.

**3. Exclude evidence not related to this case**

Plaintiffs seek to exclude evidence of and documents relating to lawsuits by third parties against Defendants, third parties' agreements and dealings with Defendant Singh and an unrelated civil action against Plaintiffs' counsel.  Defendants agree to exclude evidence relating to Singh's transaction with Tennessee Commerce Bank as to properties not related to his case and to the civil action against Plaintiffs' counsel.  Defendants argue other evidence Plaintiffs seek to exclude is relevant because it shows the close personal and business relationship between Plaintiffs and a non-party witness as well as possible impeachment of anticipated testimony by some witnesses.

Plaintiffs' motion is GRANTED as to lawsuits by third parties against Defendants, evidence relating to Singh's transaction with Tennessee Commerce Bank regarding properties not related to his case, and the civil action against Plaintiffs' counsel.  Plaintiff's motion is DENIED as to evidence that shows a close personal and business relationship between Plaintiffs and a non-party witness and as to impeachment evidence because such evidence may involve witness bias issues.

**4. Exclude improper character evidence**

Plaintiffs seek to preclude Defendants from introducing character evidence not related to truthfulness as to witnesses and "speculative character evidence lacking a 'good faith' basis" based on certain events involving Plaintiffs' witnesses that Plaintiffs anticipate Defendants will bring up. Specifically, Plaintiffs seek to preclude Defendants from introducing evidence as to the following events involving two of Plaintiffs' potential witnesses: 1) alleged "armed takeover" of the Hatch AM PM by Plaintiff's potential non-party witnesses Harpreet Dhaliwal and Amanda Bui; 2) alleged fabrication of and alteration of documents relating to Plaintiff's ownership of Defendant companies by Harpreet Dhaliwal and Bui; 3) alleged improper receipt of money by Harpreet Dhaliwal and Bui in unrelated transactions with Singh, Defendants, and other third parties; and 4) Harpreet Dhaliwal and

Bui allegedly using their personal relationship with each other to damage Singh.  Plaintiffs argue evidence as to the above alleged events is not relevant, and that, even if such evidence is relevant, it is more prejudicial than probative.  Defendants argue the evidence is relevant as to the credibility of two of Plaintiffs' witnesses.

Plaintiffs' motion is GRANTED as to character evidence not related to truthfulness as to witnesses.  Plaintiffs' motion is DENIED without prejudice as to evidence regarding the alleged events involving Harpreet Dhaliwal and Amanda Bui.  The arguments and evidence before the Court is inconclusive as to whether the evidence Defendants may seek to introduce is relevant or prejudicial.  Plaintiffs may renew this motion after Defendants clarify what evidence they plan to introduce in relation to the above alleged events and for what purpose.  This may be done at 8:15 AM on the morning of trial.  Counsel must advise the Court one week prior to trial if this is to happen.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court

1. GRANTS Defendants' first motion in limine, Defendants' sixth motion in limine as to settlement communications between the parties and between Defendants and other litigants, and Defendants' seventh motion in limine;

2. DENIES Defendants' second motion in limine as to expert witness Phil Pisano, Defendants' sixth motion in limine as to evidence of Singh offering payment to litigants in other cases as "witness tampering," Defendants' eighth motion in limine, Defendants' ninth motion in limine, and Defendants' tenth motion in limine;

3. GRANTS Plaintiffs' third motion in limine as to lawsuits by third parties against Defendants, evidence relating to Singh's transaction with Tennessee Commerce Bank regarding properties not related to his case, and the civil action against Plaintiffs' counsel, and Plaintiffs' fourth motion in limine as to character evidence not related to truthfulness as to witnesses;

4. DENIES Plaintiffs' first motion in limine, and Plaintiffs' third motion in limine as to evidence that shows a close personal and business relationship between Plaintiffs and a non-party witness and as to impeachment evidence;

5. DENIES without prejudice Plaintiffs' second motion in limine and Plaintiffs' fourth motion in

limine as to alleged events involving Harpreet Dhaliwal and Amanda Bui;

6. ORDERS the parties to file submissions as to Defendants' second motion in limine, Defendants' third motion in limine, and Defendants' fourth motion in limine according to the instructions contained herein; and

7. ORDERS the parties to file submissions as to bifurcation of the trial on Plaintiffs' two claims as instructed herein.

IT IS SO ORDERED.

Dated: **September 29, 2014**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE