**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAJEEVAN K. DHALIWAL, and MOHINDER S. GILL,<br><br>          Plaintiffs,<br><br>     v.<br><br>KS CHANDI & SONS, INC., et al.,<br><br>          Defendants. | 1:13-cv-00484-LJO-SKO<br><br>**ORDER ON BIFURCATION OF TRIAL**<br><br>**(Jury Trial 10-15-2014)** |

     Plaintiffs Jajeevan K. Dhaliwal and Mohinder S. Gill ("Plaintiffs") bring this action against Defendants KS Chandi & Sons, Inc., Chandi Brothers, LLC, Nirmal Singh ("Singh"), Nachhattar S. Chandi, Susana E. Chandi, and Valley Petroleum In.c (collectively, "Defendants") for claims arising out of investments in Stanislaus County gas stations/convenience stores.  In their motions in limine, Defendants requested an order to bifurcate the trial on Plaintiffs' two surviving claims for breach of contract and involuntary dissolution. (Doc. 121).  Plaintiffs stipulated to bifurcation.  (Doc. 129).  On September 30, 2014, this Court ordered the parties to submit a trial estimate as to each claim as bifurcated. (Doc. 135).

     On October 7, 2014, the parties submitted their trial estimate in accordance with this Court's order. (Doc. 142).  The parties estimate that, as bifurcated, trial on the breach of contract claim will take seven and one-half days and that trial on the involuntary dissolution claim will take two and one-half days.  *Id*.

     Under Fed. R. Civ. P. 42(b), a district court may exercise its discretion to bifurcate a trial "[f]or convenience, to avoid prejudice, or to expedite and economize[.]"  Bifurcation of trial in this case

would not serve any of Rule 42(b)'s purposes, since there is obvious and sufficient cross over matters within each of the two remaining claims.  Accordingly, Defendant's request to bifurcate the trial as to Plaintiff's claims for breach of contract and involuntary dissolution is DENIED.

The parties are ADMONISHED that their trial estimates appear to this Court to be unrealistic. Trial will not take nearly as long as the parties believe it will.  Generally counsel believe that trials will take longer than they should either because appropriate discovery has not been conducted, or counsel wish to rediscover the case during trial.  Neither will occur.  If that's the direction the case turns, the trial will be concluded.  This Court does not have the luxury of having cases that are properly prepared and presented succinctly to take longer than they should.  If the cases are not properly prepared and/or presented properly, that is counsel's indirect way of telling the Court that it needs help ending the trial, and this Court will accommodate.

The Court expects the parties to be prepared for trial, and if either side cannot present a witness when the Court asks for the next witness, the Court will treat that side as resting its case.

IT IS SO ORDERED.

Dated:   **October 7, 2014**               **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE

2