UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJEEVAN K. DHALIWAL, and MOHINDER S. GILL,<br><br>            Plaintiffs,<br><br>      v.<br><br>KS CHANDI & SONS, INC., et al.,<br><br>            Defendants. | 1:13-CV-00484-LJO-SKO<br><br>**ORDER REGARDING:**<br>1. **Scope of Breach of Contract Claim**<br>2. **Binding Arbitration**<br>3. **Vacating Jury Trial**<br><br>**(Jury Trial 10-15-2014)** |

**Plaintiffs' Breach of Contract Claim**

In Plaintiffs' response to this Court's Order to Show Cause, Plaintiffs assert that their breach of contract claim encompasses more than the Promissory Note. Specifically, they assert that "the promissory note is only one element of plaintiffs' breach of contract claim against defendants." This position is wholly incorrect.

The plaintiffs' position is inconsistent with this Court's Order on the Defendants' motion to dismiss the Plaintiff's first amended complaint. This Court dismissed all portions of the breach of contract claim except for the portion proceeding on the Promissory Note against KS Chandi & Sons. (Doc 25). This Court made reference to the prior Court Orders on the successive motions to dismiss in its Pretrial Order (doc 125) commencing at page 8:28 in subdivision K of the order.

Throughout the pleadings, arguments and Court Orders, it has been clear that the alleged breach occurred in December of 2012, and not before. Furthermore, the alleged breach was of the written Promissory

1

Note. This is the same Promissory Note, undisputed as to its existence and content, that includes an integration clause, and requires a writing for either waiver or amendment. No such writing has been suggested or presented.

Stated succinctly and clearly, the breach of contract claim and all relief sought by the Plaintiffs are limited to the text of the 2008 Promissory Note.

**Arbitration**

As this Court previously noted in its Order to Show Cause, Plaintiffs Jajeevan Dhaliwal and Mohinder Gill and Defendant KS Chandi & Sons signed and executed a Promissory Note dated July 15, 2008 and agreed that any dispute or claim arising out of the Promissory Note must be finally settled by binding arbitration in the state of California. (Doc. 14 Exh. H). The Note further indicates that any waiver or modification to the Promissory Note shall be in writing and signed by all parties. It also includes an integration clause. This Court is not aware of any written, signed documents that change the Promissory Note in any way.

Plaintiffs brought this action, including a claim for breach of contract, in this Court in April 2013 (Doc. 1). At no point has any party disclosed that the contract at issue, the Promissory Note, contains a binding arbitration clause.

As the parties must be aware, there is a strong public policy both in California and at the federal level in favor of arbitration as a "prompt, economical and adequate method of dispute resolution." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n. 2 (9th Cir. 1992) (citing *Rodriguez de Quijas v. Shearson/American Express, Inc*., 490 U.S. 477, 479–80, 481 (1989)); *see also*, *Alexander v. Farmers Ins. Co*., 219 Cal. App. 4th 1183, 1204 (Cal. Ct. App. 2013) ("*Doan* enumerated several policies the trial court could consider, including the 'strong policy favoring arbitration,' the 'strong policy favoring declaratory relief,' and JUDICIAL economy.") (emphasis added)(quoting *Doan v. State Farm Gen. Ins. Co*., 195 Cal. App. 4th 1082, 1101 (Cal. Ct. App. 2011)).

The parties and their counsel have inexplicably failed to disclose, discuss or follow the binding arbitration clause in the Promissory Note that is intended to promote JUDICIAL economy and to use arbitration as a prompt, economical, and adequate method of dispute resolution. This is in spite of the fact that counsel on both sides of this litigation knew and know that the Eastern District of California is

1  the busiest trial court in the Nation.

2  The cases cited by the Plaintiffs (see document 161) do not include any issue raised by any
3  party or the trial court about JUDICIAL economy.  This is a huge difference between those cases and
4  this case:  this trial Court IS raising the issue, not because it wants to, but rather because it must, to
5  survive in dealing with its other thousand cases.  In sum, the cited cases are neither on point nor
6  convincing.

7  The Defendants' position, simply stated, is that under what they consider the position of the
8  Plaintiffs' view of the Breach of Contract claim, they just don't want to arbitrate.

9  Simply because both parties are ignoring the binding arbitration requirements of the very
10 document they rely on to proceed with the jury trial does not mean that the Court is required to ignore
11 it.  The timeliness of this Court's raising the issue is a result of the parties on both sides never
12 disclosing, discussing or bringing such an important part of this document to the Court's attention.
13 The parties may not, with any persuasive force, now argue that they have been sandbagged.  The
14 Court, once it became aware of this judicially economic part of this case, is under no obligation to
15 ignore it.  The Court chooses NOT to ignore it.  When called upon to litigate a dispute about a
16 document, the Court is under no obligation to ignore a binding arbitration clause, that has not been
17 waived in the manner required in the Promissory Note, that will save two weeks of court calendar time,
18 simply because neither side wishes to mention it.

**IT IS THEREFORE ORDERED THAT;**

1. **The jury trial is vacated since neither party is entitled to a jury trial on any pending matter before this Court;**
2. **The entire matter set for October 15, 2014 is taken off calendar;**
3. **The case is referred to binding arbitration on the first cause of action for breach of contract, limited, as defined in this order;**
4. **Should the tenth cause of action for Involuntary Dissolution require resolution after the decision by the binding arbitrator, then counsel may at that time petition for a trial date.**
5. **This case will be kept open for 6 months to accomplish the possible need outlined in**

**number 4 above, but if the Court has not received any such request on or before April 15, 2015, this case will be ordered dismissed and closed.**

IT IS SO ORDERED.

Dated:   **October 10, 2014**                        **/s/ Lawrence J. O'Neill**
                                                                         UNITED STATES DISTRICT JUDGE