IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAGJEEVAN K. DHALIWAL, MOHINDER S. GILL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:13-CV-00484-SKO  **SETTLEMENT CONFERENCE ORDER RE DEADLINES, RULES, AND REQUIREMENTS**  Date:  10/7/15 Time:  10:30 a.m. Place: Chambers ~ 9th Floor |
| PLAINTIFFS, | | |
| vs. | | |
| KS CHANDI & SONS, INC., CHANDI BROTHERS, LLC, | | |
| DEFENDANTS. | | |

Consideration of settlement is a serious matter that requires thorough preparation **PRIOR** to the Settlement Conference. The following are the procedures the Court will employ, absent good cause, in conducting the Settlement Conference.

**1. Pre-Settlement Conference Exchange of Demand and Offer**

A Settlement Conference is more likely to be productive if, PRIOR thereto, the parties have exchanged written settlement proposals. Accordingly, at least **twenty (20) days** prior to the Settlement Conference, plaintiffs' counsel shall submit a written itemization of damages and settlement demand to defense counsel, together with a brief summary of the legal and factual basis supporting the demand.

1

Thereafter, but no later than **ten (10) days** prior to the Settlement Conference, defense counsel shall submit a written offer to plaintiffs' counsel, together with a brief summary of the legal and factual basis supporting the offer.

    **2.  Submission and Content of Confidential Settlement Conference Statements**

Confidential Settlement Conference Statements are **MANDATORY**, are not to be e-filed or otherwise made a part of the court docket, and shall be submitted directly to Judge Snyder's chambers at least **five (5) court days** prior to the Settlement Conference, by either U.S. Mail, courier, e-mail to SMSOrders@caed.uscourts.gov, personal delivery to the Clerk's Office, etc., depending on the length, tabs, pictures, etc., of the statement in total.  Counsel shall not hesitate to contact Judge Snyder's chambers at (559) 499-5690 PRIOR to submission with any comments, questions, and/or concerns in this regard. Additionally, each party shall e-file a Notice of Submission of Confidential Settlement Conference Statement in compliance with Local Rule 270(d).

Confidential Settlement Conference Statements shall (be typed, double spaced and) include the following:

    a.  A brief summary of the core facts, allegations, and defenses.

    b.  A summary of the proceedings to date.

    c.  An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.  The nature of the relief sought.

  e. An outline of past settlement efforts, including information regarding the "Pre-Settlement Conference Exchange of Demand and Offer" required above, and a history of past settlement discussions, offers, and demands.

  f. A statement of each party's expectations and goals for the Settlement Conference.

**3. Attendance of Trial Counsel and Parties Required**

The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend. An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the limits of the opposing parties' existing settlement demand. An uninsured corporate party shall appear by a representative authorized to negotiate, and who has authority to settle the matter up to the amount of the opposing parties' existing settlement demand or offer. A client with authority available by telephone is not an acceptable alternative, except under the most extenuating circumstances, which does not include out-of-town or out-of-state travel and the purchase of an airplane ticket. The Court generally sets aside at least a couple of hours for each conference. Therefore, it is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement.

**4. Mediation Format**

The Court expects all counsel and party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to

discover creative means for resolving the dispute.

**5. Issues to Be Discussed**

The parties shall be prepared to discuss the following at the Settlement Conference:

a.  Goals in the litigation and problems they would like to address in the Settlement Conference and understanding of the opposing side's goals.

b.  The issues (inside and outside the lawsuit) that need to be resolved.

c.  The strengths and weaknesses of their case.

d.  Their understanding of the opposing side's view of the case.

e.  The points of agreement and disagreement (factual and legal) between the parties.

f.  Any financial, emotional, and/or legal impediments to settlement.

g.  Whether settlement or further litigation better enables the accomplishment of their respective goals.

h.  Any possibilities for a creative resolution of the dispute.

**6. Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are encouraged to be candid and open in their discussions.  Statements made by any party during the Settlement Conference is not to be used in discovery and will not be admissible at trial.

**7.  Admonition**

If it is clear to counsel and/or the parties that this case is not in a settlement posture, counsel are directed to contact this Court's chambers immediately for a continuance or to take it off calendar.  Otherwise, this Court will assume and requires the following:

1. That plaintiffs have provided defendants with a timely demand;

2. That the parties have met and conferred sufficiently at least once PRIOR to the Settlement Conference regarding possible settlement; and,

3. That the parties are therefore ready, willing, and able to settle the case, i.e., defendants have settlement authority and plaintiffs are willing to negotiate in good faith.

If there is no settlement authority from either or any party and/or it is the hope that this Court assess strengths and weaknesses of each parties' cases such it will hopefully convince a party to dismiss this lawsuit, **THIS IS NOT SETTLEMENT**.  In such a situation, the parties are directed to coordinate a telephonic conference with this Court, through chambers at (559) 499-5690, PRIOR to the Settlement Conference to discuss the status of settlement.  Failure to do so could result in sanctions against any or all parties if appearances are made and it was known to one or more parties that the case cannot settle.

**IT IS SO ORDERED.**

DATED:  9/11/2015                                /s/ SANDRA M. SNYDER
                                                 **UNITED STATES MAGISTRATE JUDGE**