# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGJEEVAN K. DHALIWAL, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>NIRMAL SINGH, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00484-SKO<br><br>ORDER RE PLAINTIFFS' REQUEST FOR RELEASE OF SETTLEMENT AGREEMENT; DENYING PLAINTIFFS' MOTION FOR SANCTIONS; AND DIVESTING THE COURT OF JURISDICTION OF THE SETTLEMENT OF THIS ACTION<br><br>(ECF Nos. 218, 220, 221) |

Currently, before the Court is Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gill's request for an order allowing release of the settlement agreement and motion for sanctions. Having considered the filings of the parties and the Court's record, the Court issues the following order.

## I.

## RELEVANT HISTORY

Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gil ("Plaintiffs") filed the complaint in this action against Defendants Nirmal Singh, Nachhattar S. Chandi, Susana E. Chandi, KS Chandi & Sons, Inc., Petroleum Inc., and Chandi Brothers, LLC. on April 3, 2013, based upon Plaintiffs' investment in ARCO/AM PM gas station/convenience stores which were purchased and developed by Defendants. (ECF No. 1.) On June 12, 2016, District Judge Lawrence J.

O'Neill issued an order granting Defendants' motion to dismiss.  (ECF No. 13.)  On June 29, 2013, Plaintiffs filed a first amended complaint.  (ECF No. 14.)  On August 16, 2013, Judge O'Neill issued an order granting Defendants motion to dismiss.  (ECF No. 25.)  Defendants Nirmal Singh, Nachhattar Chandi, Susana Chandi, and Valley Petroleum were dismissed from the action.

This action was proceeding on a breach of contract claim against Chandi &Sons, and an involuntary dissolution claim against Chandi & Sons and Chandi Brothers ("Defendants").  On October 2, 2013, judgment was entered in favor of Nirmal Singh, Nachhattar Chandi, Susana Chandi, and Valley Petroleum and against Plaintiffs Jagjeevan K. Dhaliwal and Mohinder S. Gil.  (ECF No. 36.)  Plaintiff's filed a motion for partial summary judgment which was denied on July 7, 2014.  (ECF No. 91.)

On July 28, 2014, the undersigned conducted a settlement conference in this action.  (ECF No. 96.)  Plaintiff Mohinder Gil did not appear for the settlement conference and an order to show cause issued on July 29, 2014, requiring Plaintiff Gil to show cause why sanctions should not issue for the failure to appear.  (ECF No. 97.)  Subsequently, Defendants filed a notice that neither Plaintiff was present at the settlement conference, but that the brother of Plaintiff Dhaliwal appeared.  (ECF No. 98.)  The Court issued an amended order for both Plaintiffs to show cause.  (ECF No. 99.)  On September 5, 2014, an order issued imposing sanctions against Plaintiffs for the failure to appear at the settlement conference.  (ECF No. 119.)

A second settlement conference was held before the undersigned on September 23 2014.  (ECF No. 133.)  On October 10, 2014, Judge O'Neill issued an order finding that the parties were not entitled to a jury trial on any matter pending before the Court; and the matter was referred to binding arbitration on the breach of contract claim.  (ECF No. 162.)  The involuntary dissolution claim was stayed pending arbitration. On August 14, 2015, the parties indicated their consent to proceed before a magistrate judge; and this action was reassigned to Magistrate Judge Sheila Oberto for all purposes.  (ECF No. 171.)

A settlement conference was set before Judge Sandra Snyder which was vacated on October 14, 2015 on the finding that settlement was not possible at the time.  (ECF No. 177.)  On

1 January 8, 2016, the parties informed the Court that an arbitration decision had been received in a related matter and a trial setting hearing was conducted at which the parties indicated they wished to pursue settlement discussions. (ECF No. 191.) This Court conducted a settlement conference on January 27, 2016, at which a settlement agreement was reached. (ECF No. 197.) On March 15, 2016, the Court conducted a conference re settlement issues which were resolved. (ECF No. 211.) The settlement agreement was filed under seal with the Court due to the history of the action and the parties' inability to execute the settlement agreement without the intervention of the Court. (ECF No. 213, 214.) On March 23, 2016, this action was dismissed with prejudice. (ECF No. 216.)

On July 12, 2016, the undersigned's courtroom deputy received an e-mail from the plaintiffs in this action indicating that the defendants had filed a state court action based on the released claims. Plaintiffs were seeking release of the settlement agreement for use in the state court action. The plaintiffs were advised that any request for relief would require a noticed motion. (ECF No. 217.) On August 17, 2016, Plaintiffs filed a motion for an order allowing release of the settlement agreement for use in the state court action and seeking sanctions for violation of the settlement agreement. (ECF No. 218.) Defendants filed an opposition on September 13, 2016. (ECF No. 220.) Plaintiffs filed a reply on September 23, 2016. (ECF No. 221.)

## II.

## DISCUSSION

Plaintiffs contend that the settlement agreement in this action contains a broad 1542 release and waiver in which Defendants released all their claims against Plaintiffs and their agents.[1] Plaintiffs assert that Defendants have brought claims in another forum which violate

---

[1] Plaintiffs state that the claims released were against Defendants, however, the Court finds this to be a typographical error as Plaintiffs are claiming the new suits are against Plaintiffs' agents. Additionally, the Court notes that Plaintiffs' motions contain statements that are inaccurate. For example, Plaintiffs state that "the Court drafted broad releases and waivers which covered all claims against defendants and their agents in any forum[,]" however the Court did not draft any part of the settlement agreement. During the March 15, 2016 conference regarding the settlement dispute the parties were contesting the language of the release clause. While the Court did confer with the parties and offer suggestions on the wording of the release, the written agreement was solely the work of the parties in this action.

paragraph 15 of the settlement agreement.  Plaintiffs seek to have the settlement agreement released for use in defense of the state court action.[2]  Plaintiffs also seek sanctions under Rule 11 of the Federal Rules of Civil Procedure and the court's inherent power to punish abuse of the judicial process.

Plaintiffs contend that Defendants filed a cross-complaint in Stanislaus County Superior Court on July 15, 2016, against Harpreet Dhaliwal, Kevin Doan, Pauline Doan, and Amanda Bui alleging causes of action for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, negligent misrepresentation, unfair business practices, legal malpractice, trespass to chattel, intentional interference with contractual relations, and defamation.[3]  (ECF No. 220-1.)  Plaintiffs highlight specific allegations as violation of the settlement agreement as follows.  Amanda Bui acted as counsel for the Doans. (Sec. Am. Cross-Compl. at ¶ 53.)  On or about October 18, 2013, Harpreet Dhaliwal and Amanda Bui with the express permission and consent of Kevin and Pauline Doan entered an AM/PM minimarket at 1700 East Hatch Road in Ceres, California that was owned and operated by Defendants causing the front door to be chained shut and the back door to be barricaded.  (Id. at ¶¶ 57-58.)  The police were called and Harpreet Dhaliwal and Amanda Bui were removed from the minimarket.  (Id. at ¶ 60.)  The Doans, Harpreet Dhaliwal, and Amanda Bui wrote letters and sent e-mails to entities containing false statements about Chandi and Sons and filed a bankruptcy petition that

---

[2] To the extent that the plaintiffs request that the Court provide guidance in this matter, the Court cannot provide legal advice or counsel pro se inmates except to recommend that they seek the advice of a trained attorney.  See Pliler v. Ford, 542 U.S. 225, 232 (2004) (requiring district courts to advise a pro se litigant would undermine district judges' role as impartial decisionmakers); Jacobsen v. Filler, 790 F.2d 1362, 1366 (9th Cir. 1986) (giving legal advice to a litigant "would entail the district court's becoming a player in the adversary process rather than remaining its referee").

[3] The Court may take judicial notice "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

In this instance, the parties have only provided the second amended cross complaint filed in the Stanislaus action.  The court notes the settlement agreement specifies actions that were to be included in the settlement and the Stanislaus action is not listed.  The Court was aware that an action had been filed in Stanislaus state court, however it was not directly addressed during settlement negotiations and discussions, instigated by the Plaintiffs, regarding that case were declined by the Court since the Court was here for the purpose of settling the federal action.  The Court is not aware if this is the same action or if Harpreet Dhaliwal or Amanda Bui were parties to the Stanislaus action when the instant action settled.

1  was ultimately declared a nullity by the bankruptcy court.  (Id. at ¶ 68.)

2        Plaintiff argues that these are the same allegations that Defendants sought to bring as a
3  cross claim in this action stating that Plaintiffs arranged for a takeover of Chandi & Sons in
4  conjunction with Kevin and Pauline Doan and appointed Harpreet Dhaliwal as president and
5  secretary of Chandi & Sons. (ECF No. 39-1 at ¶¶ 12-15.)  In the cross-complaint in this action,
6  Defendants alleged that Plaintiffs, in conjunction with Kevin and Pauline Doan, held a
7  shareholder meeting in which they removed Nirmal Singh as officer and director of KS Chandi
8  & Sons, Inc.; appointed Harpreet Dhaliwal as president and secretary of KS Chandi & Sons, Inc.;
9  and authorized Harpreet Dhaliwal to act on behalf of the corporation in business relationships.
10 (Id. at ¶¶ 12-13.)  Thereafter, Harpreet Dhaliwal filed a Chapter 13 petition for bankruptcy relief
11 on behalf of KS Chandi & Sons, Inc.  (Id. at ¶ 19.)

12       In their reply, Plaintiffs argue that they were not served with a copy of Defendants'
13 opposition to this motion and request that the Court strike the opposition.  However, the
14 opposition to the motion shows that it was properly served on counsel of record.  Plaintiffs have
15 not moved to substitute counsel and proceed in pro per in this action.  Defendants properly
16 served counsel of record.  Further, Plaintiffs reply demonstrates that they received a copy of the
17 opposition. The Court denies the request to strike Defendants' opposition.

18     **A.**    **Release of the Settlement Agreement**

19       Federal courts do not have inherent power to enforce settlement agreements entered into
20 by the parties. K.C. ex rel. Erica C. v. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014).  Generally,
21 when a district court dismisses an action with prejudice, federal jurisdiction ends and a dispute
22 arising under the settlement agreement is a separate contract dispute that requires its own
23 independent basis for jurisdiction.  Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016).  The
24 court has "ancillary jurisdiction to enforce a settlement agreement only 'if the parties' obligation
25 to comply with the terms of the settlement agreement ha[s] been made part of the order of
26 dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the
27 settlement agreement) or by incorporating the terms of the settlement agreement in the order."
28 Id. (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).  Absent the

retention of jurisdiction by the federal court, unless there is some independent basis for federal jurisdiction, enforcement of the settlement agreement is a matter for the state court. Kokkonen, 511 U.S. at 382.

In the order dismissing this action, the Court expressly retained jurisdiction for the purposes of enforcing the settlement agreement. (ECF No. 216.) Further, the agreement itself states that Judge Boone shall retain jurisdiction over the action and any breach or alleged breach shall be submitted to Judge Boone for resolution or enforcement. (ECF No. 214 at ¶ 30.) Accordingly, ancillary jurisdiction exists and this Court has jurisdiction to enforcement the settlement agreement between the parties. Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996). Plaintiffs specifically state they are not requesting for this Court to find that there has been a violation of the settlement agreement, but seek to have the state court interpret the terms of the agreement to have a state court finding that the claims against Harpreet Dhaliwal and Amanda Bui have been released under the settlement agreement. (ECF No. 221 at 11.[4]) The Court construes Plaintiffs' motion as a request for a ruling on whether releasing the settlement agreement to their agents would breach the agreement.

Plaintiffs seek for this Court to allow release of the settlement agreement and argue bases to unseal the settlement agreement. However, this is not an instance where a third party is seeking to unseal the document to receive access. Here, it is the party to the agreement seeking to allow their alleged agents to use the document to defend in another action. Nor is there a protective order in place that prevents the disclosure of the settlement agreement. The issue is not that the settlement agreement was sealed in this Court nor that a protective order prevents disclosure, but that the parties included a confidentiality clause in the settlement agreement. (ECF No. 214 at ¶ 27.) Therefore, the Court only addresses the confidentiality clause included in the settlement agreement.

In their motion, Plaintiffs cite federal law for the proposition that the settlement agreement is discoverable, and defendants cite to the same law in arguing that the opposing party

---

[4] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

can seek discovery of the document in the state court case.[5]  However, in this instance the question would be whether the agreement would be discoverable under California law in the state court action as federal law would be inapplicable in state court.

Plaintiffs argue that Defendants have breached the settlement agreement by filing the counterclaim against Harpreet Dhaliwal and Amanda Bui.  Plaintiffs contend that Harpreet Dhaliwal and Amanda Bui were acting as their agents; and therefore, all claims against them were released pursuant to the settlement agreement.  Ultimately, Plaintiffs are seeking to release the settlement agreement to Harpreet Dhaliwal and Amanda Bui to use in defending the action filed against them in state court.

The settlement agreement provides that Defendants agree to waive their rights under section 1542 of the California Civil Code.  (ECF No. 214 at ¶ 14.)  Further, the agreement provides:

> Notwithstanding section 1542 of the Civil Code of the State of California, Defendants hereby irrevocably and unconditionally release and forever discharge Plaintiffs from any and all Claims or Claims (as defined above), which Defendants have or claim to have or which Defendants at any time heretofore had or claimed to have had against Plaintiffs and their agents and attorneys arising out of the events occurring prior to the date of execution of this Agreement including but limited to the Disputes.  Defendants understand the work "Claim" or "Claims" to include without limitation all damages, costs, penalties, charges, actions, claims, complaints and grievances arising out of the Disputes.  All such Claims are forever barred by this Agreement and without regard to whether these Claims are based on the Disputes or other alleged unlawful act; or any Claim or cause of action regardless of the forum in which it may be brought.

(Id. at ¶ 15.)  Claims are defined in the settlement agreement as "any and all charges, complaints, grievances, claims and liabilities of any kind (including but not limited to attorneys' fees, interest, expenses and costs) of any nature whatsoever known or unknown, suspected or unsuspected."  (Id. at ¶ 13.)  Disputes is defined as "[a]ll disagreements between the parties, the claims asserted by the parties and the facts and circumstances arising out of or related to the claims asserted in the Gill Action, Arbitration Award, and KS Chandi Action."  (Id. at ¶ 6.)  The agreement states "except as set forth in the Court record before the Honorable Judge Stanley A.

---

[5] Plaintiffs cite to Harrison v. Bankers Standard Ins. Co., 2015 WL 3617108 (S.D. Cal. June 9, 2015) for the proposition that settlement agreements are discoverable under California law.  However, Harrison only addressed discovery under the Federal Rules of Civil Procedure not under California law.

7

Boone on January 27, 2016," this agreement reflects the entire agreement between the parties. (Id. at ¶ 25.) The scope of the release included all claims arising out of or related to the facts and circumstances alleged in the complaints filed in this action and all other claims, known or unknown, that the parties had against each other. (Id.)

Plaintiffs are requesting to be allowed to provide the settlement agreement for use in defending the state court action. Pursuant to the settlement agreement, it is only the amount paid to Plaintiffs that is subject to the confidentiality clause. (ECF No. 214 at ¶ 27.) Therefore, the Court finds that production of the settlement agreement with the amount of the settlement to be paid to Plaintiffs redacted would not be a breach of the settlement agreement. Accordingly, Plaintiffs may release the settlement agreement for the purpose of defending the state court action with the appropriate redactions to cover the confidentiality of the settlement amount without breaching the settlement agreement.

**B.     Request for Sanctions**

Plaintiffs seek sanctions under Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority for Defendants' abuse of the judicial process. Defendants argue that Rule 11 does not apply; Plaintiffs cannot seek Rule 11 sanctions in this request as it requires a separate motion; and the state law suit is against Kevin and Pauline Doan who are not parties to the settlement agreement.

Rule 11 provides that the Court may impose sanctions for a violation of 11(b). Fed. R. Civ. P. 11(c)(1). Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

8

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiffs request sanctions under Rule 11 based upon Defendants conduct in California State Court. However, Rule 11 is a Federal Rule of Civil Procedure and would not apply to the filings made in state court. See Hurd v. Ralphs Grocery Co., 824 F.2d 806, 808 (9th Cir. 1987) ("sanctions cannot be imposed under Rule 11 for filing a paper in state court"); Brown v. Capitol Air, Inc., 797 F.2d 106, 108 (2d Cir. 1986) (Rule 11 does not authorize sanctions for actions taken in state court). Further, the rule requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Plaintiffs' request for Rule 11 sanctions is therefore denied.

While the Court does have jurisdiction over the settlement agreement in this action and could enforce the agreement, Plaintiffs have specifically requested that the Court not determine if there has a breach of the settlement agreement. Absent a finding that the agreement has been breached the Court finds no grounds to issue sanctions in this action. Therefore, Plaintiffs request for sanctions is denied.

### C. Jurisdiction over Settlement Agreement

In this action, the Court retained jurisdiction over the settlement agreement to ensure that the settlement was enforced. The parties entered into the settlement agreement on March 15, 2016, and filed the stipulation for dismissal on March 23, 2016. No issues have been raised regarding the monetary settlement.

Here, Plaintiffs are alleging a breach of the settlement agreement but specifically request that this Court not determine whether there has been a breach as they desire to have the finding made by the state court. The Court finds that retaining jurisdiction over the settlement, when the party alleging a potential breach has expressed the desire that the issue be litigated by the state court, is unnecessary. Accordingly, the Court finds that it is no longer necessary to retain jurisdiction over the settlement in this action; and the Court shall divest itself of jurisdiction over the settlement.

/ / /

## III.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs may release the redacted settlement agreement to Harpreet Dhaliwal and Amanda Bui for use in defending the state court action without breaching the settlement agreement;
2. Plaintiffs' motion for sanctions is DENIED; and
3. The Court divests itself of jurisdiction over the settlement of this action.

IT IS SO ORDERED.

Dated:   **September 30, 2016**

UNITED STATES MAGISTRATE JUDGE